**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY W. MOBLEY and
CHERYL E. MOBLEY,

      Plaintiffs-Appellants,

v.

DILLON COMPANIES, INC., doing
business as King Soopers, Inc., doing
business as Group Life and Health
Plan for King Soopers Employees--
Oil, Chemical, and Atomic Workers
International Union Local 2-920,
a Kansas corporation; JOHNELLA
JOHNSON; DOUG MALENOSKI;
OIL, CHEMICAL & ATOMIC
WORKERS UNION-INDUSTRY
PENSION FUND,

      Defendants-Appellees.

No. 97-1411
(D.C. No. 97-WY-1220-AJ)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs Terry W. and Cheryl E. Mobley commenced this action against Ms. Mobley's employer, her union, pension fund, and two individuals. The Mobleys alleged violations of the Employee Retirement Income Security Act (ERISA), 42 U.S.C. § 1981, and various state laws. Ms. Mobley also alleged gender and race discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of 29 U.S.C. § 623.

The district court granted defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Mobleys raise various claims of error, including the district court's holding that Mr. Mobley did not have standing to sue. Ms. Mobley also contends that the district court erred when it determined she could not sue her union or pension plan, could not assert claims under ERISA, and could not sue the individual defendants. Ms. Mobley also argues that the Age Discrimination in Employment Act (ADEA) does not require filing with the Equal Employment Opportunity Commission (EEOC) prior to bringing suit in federal court. Finally, Ms. Mobley contends the district court erred in dismissing the action under Rule 12(b)(6) after considering materials outside of the pleadings

and without giving notice that it was treating those pleadings as summary judgment motions.

In deciding whether to dismiss a complaint under Rule 12(b)(6), the court must base its decision solely on materials contained in the pleadings. If matters outside the pleadings are considered, the court must treat the motion as one for summary judgment under Fed. R. Civ. P. 56. See Rule 12(b).

In its order, the district court quoted from the charges Ms. Mobley filed with the EEOC attached to her employer's motion to dismiss. The court's inclusion of these documents in its deliberations did not mandate conversion of the motions to dismiss to ones for summary judgment. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The EEOC charges were matters of public record, were referred to by number in plaintiffs' amended complaint, were integral to the claims alleged, and their authenticity was uncontested. No conversion occurred and the district court properly ruled on the motion under Rule 12(b)(6).

We will uphold a Rule 12(b)(6) dismissal only if it appears the plaintiff can prove no set of facts to support the claims that would warrant relief. See Fuller v.

Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). We "accept[] the well-pleaded allegations of the complaint as true and constru[e] them in the light most favorable to the plaintiff." Id.

We construe a pro se litigant's pleadings liberally holding the litigant to a less stringent standard than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). To state a claim, however, even pro se litigants must support their allegations with well-pleaded factual contentions, not just conclusory allegations. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Id.

The defendant employer hired Ms. Mobley as a pharmacist in 1977. In 1991, she left her employment to care for her terminally ill grandparents. The incidents alleged in the complaint began in 1993 when she returned to her job. Ms. Mobley maintained she should have been reinstated with full seniority rights, rather than treated as a new hire. She filed a grievance on that issue. In her complaint, she alleged that, as a result of the grievance, her employer took retaliatory actions by reducing her work hours and subjecting her to hostile and harassing conditions. Ms. Mobley also alleged her employer retaliated after she filed a complaint with the State Board of Pharmacy regarding some allegedly

illegal practices engaged in by her employer. Ms. Mobley alleged that she was physically assaulted by a white woman at work, and that her employer attempted to cover up the incident with the police. She also alleged her employer arranged to have a black female pharmacy manager supervise her.

We have reviewed the record on appeal and the parties' briefs and for substantially the reasons stated in the district court's order of September 29, 1997, we affirm the dismissal of Mr. Mobley for lack of standing and the dismissal of Ms. Mobley's ADEA claims, her employment contract and pension plan claims, and her charges against the individual defendants under Title VII.

The statute of limitations bars Ms. Mobley's § 1981 claims. As § 1981 does not specify a time period in which claims under that statute must be brought, we look to analogous state law for a limitations period. See 42 U.S.C. § 1988(a); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (1975). We apply Colorado's residual two-year statute of limitations for personal injury actions, Colo. Rev. Stat. § 13-80-102(1)(i); Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1532 n.12 (10th Cir. 1995). Ms. Mobley complains of events occurring in 1993 and 1994. She filed her complaint in 1997. Thus her § 1981 claims are untimely.

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a)(1). To determine whether a Title VII violation has occurred we must inquire "whether the

defendant intentionally discriminated against the plaintiff." United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) (quotation omitted).

For sexual or racial harassment to be actionable, "it must be sufficiently severe or pervasive to alter the conditions of the [plaintiff]'s employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (quotation omitted) (sexual harassment); see also Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1994) (racial harassment). "General harassment if not racial or sexual is not actionable." Id. Further, a "plaintiff must show more than a few isolated incidents of racial enmity." Id. (quotation omitted).

Ms. Mobley alleged to the EEOC[1] that, due to her sex and race, her employer denied her long term leave and scheduled hours and a white pharmacy manager cut her hours. She also alleged she was disciplined in retaliation for opposing her employer's allegedly illegal practices and for filing a prior EEOC complaint. Neither these allegations, nor the other facts Ms. Mobley contained in her complaint establish that any of the alleged illegal actions were taken due to her race or gender or in retaliation for statutorily protected activities. Ms. Mobley has merely stated that it is her belief these actions were so motivated. A

---

[1] Federal courts lack jurisdiction to hear Title VII claims not first raised to the EEOC. See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, 118 S. Ct. 342 (1997).

plaintiff's personal beliefs are insufficient to state a Title VII claim.  Cf. Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996) (Title VII plaintiff cannot establish pretext by relying on personal beliefs), cert. denied, 117 S. Ct. 1819 (1997).

AFFIRMED.  Ms. Mobley's request for en banc review of the district court's dismissal of her claims against the individual defendants is DENIED.  Ms. Mobley has failed to comply with the requirements of Fed. R. App. P. 35.

Entered for the Court


James K. Logan
Circuit Judge