# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                              Elisabeth A. Shumaker
Clerk                                                              Chief Deputy Clerk

May 2, 1997

**TO:**   All recipients of the captioned opinion

**RE:**   96-5196, Seymore v. Shawver & Sons
April 18, 1997

Please be advised of the following correction to the captioned decision:

In the paragraph in the middle of page 14, the name Shawver should be changed to Seymore, to read: "Although Ms. Seymore was certainly aware of her termination..."

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk

Susie Tidwell
Deputy Clerk

**F I L E D**
United States Court of Appeals
Tenth Circuit

APR 18 1997

**PATRICK FISHER**
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LOU ELLA SEYMORE,

      Plaintiff-Appellant,

v.

SHAWVER & SONS, INC.; LOCAL
584 INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS, International Brotherhood
of Electrical Workers, Local No. 584,

      Defendants-Appellees.

No. 96-5196

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 94-CV-95-H)

Lou Ella Seymore, Tulsa, Oklahoma, pro se.

Tony G. Puckett of Lytle Soulé & Curlee, Oklahoma City, Oklahoma, for
Defendant-Appellee Shawver & Sons, Inc.

Thomas F. Birmingham of Birmingham, Morley, Weatherford & Priore, Tulsa,
Oklahoma,a for Defendant-Appellee Local 584 International Brotherhood of
Electrical Workers.

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

**BRORBY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Lou Ella Seymore worked as a journeyman electrician for Shawver & Sons, Inc. ("Shawver") from August 31, 1992 until February 5, 1993. Ms. Seymore was a member of the International Brotherhood of Electrical Workers Union, and she had been referred to Shawver by the union.

Ms. Seymore claims she was subjected to a plethora of sexually offensive remarks and gestures during her tenure at Shawver. The record indicates Ms. Seymore complained about the alleged improper conduct to the job steward on a number of occasions. Ms. Seymore also filed a grievance with the International Brotherhood of Electrical Workers. Nevertheless, Ms. Seymore claims the sexually inappropriate conduct never ceased.

On February 3, 1993, the Equal Employment Opportunity Commission received a charge of discrimination against Shawver from the Oklahoma Human

Rights Commission; the charge named Ms. Seymore as the charging party. The charge alleged racial and sexual discrimination in violation of Title VII of the Civil Rights Act of 1964. On February 5, 1993, Shawver terminated Ms. Seymore's employment. Thereafter, on February 14, 1993, Ms. Seymore filed a charge against Shawver with the Equal Employment Opportunity Commission, alleging racial and sexual discrimination.

In April 1993, Ms. Seymore filed a charge of discrimination against the International Brotherhood of Electrical Workers with the Equal Employment Opportunity Commission. The charge against the union also alleged racial and sexual discrimination.

In February 1994, Ms. Seymore filed suit against Shawver and the International Brotherhood of Electrical Workers in the United States District Court for the Northern District of Oklahoma. The complaint charged Shawver and the union with sexual harassment and "discriminatory and retaliatory practices." The complaint did not allege racial discrimination.

Prior to trial, the district court sustained a motion for summary judgment filed by the International Brotherhood of Electrical Workers and dismissed the

union from the action. The court also determined it did not have subject matter jurisdiction over Ms. Seymore's retaliation claim against Shawver. Consequently, the court granted summary judgment in Shawver's favor on that claim.

Thereafter, Shawver filed a motion in limine requesting the court to prohibit Ms. Seymore from admitting certain evidence Shawver deemed to be probative only of racial discrimination, on the grounds that only sexual discrimination was at issue before the court. The court granted Shawver's motion and prohibited Ms. Seymore from introducing, *inter alia*, a certain "Far Side" cartoon into evidence.

The trial of Ms. Seymore's sexual harassment claim against Shawver began on May 22, 1996. Two days later, the jury returned a verdict in favor of Shawver. Ms. Seymore then initiated this appeal, *pro se*.

## II. ISSUES

Ms. Seymore raises three issues on appeal: (1) whether the district court erred in granting summary judgment in favor of the International Brotherhood of Electrical Workers; (2) whether the district court erred in determining it lacked subject matter jurisdiction over Ms. Seymore's retaliation claim against Shawver;

and (3) whether the district court abused its discretion in prohibiting Ms. Seymore from introducing the "Far Side" cartoon into evidence.

## III.  ANALYSIS

### A.  International Brotherhood of Electrical Workers Summary Judgment Motion

Ms. Seymore first argues the district court erred in granting summary judgment in favor of the International Brotherhood of Electrical Workers.  We review the grant or denial of a motion for summary judgment *de novo*, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment.  *Wolf*, 50 F.3d at 796 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In applying the summary judgment standard, we must examine the factual record and reasonable

inferences therefrom in the light most favorable to the non-movant. *Wolf*, 50 F.3d at 796.[1]

Although the arguments in Ms. Seymore's *pro se* brief are not perfectly clear, we assume Ms. Seymore argues she presented evidence sufficient to establish union representatives engaged in unlawful sexual harassment, thus exposing the union to direct liability under Title VII. It is well settled that a plaintiff may establish a violation of Title VII by showing discrimination based on sex has created a hostile or abusive working environment.[2] *Meritor Sav. Bank*, 477 U.S. at 66. To establish a sexually hostile work environment existed, a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment. *See Marquart v. Lodge 837, Int'l Ass'n of Machinists*, 26 F.3d 842, 853 (8th Cir.

---

[1] Ms. Seymore argues the district court's order granting summary judgment is per se invalid because the court provided no reasons for its grant of summary judgment. This argument is without merit. Because we review the International Brotherhood of Electrical Workers' motion for summary judgment *de novo*, whether or not the district court articulated reasons for its grant of summary judgment is irrelevant.

[2] Sexual harassment under Title VII also can be proven under a quid pro quo theory. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (1986). Ms. Seymore has not alleged quid pro quo sexual harassment in this lawsuit.

1994).  An employer will not be liable for the existence of a hostile sexual work environment unless the plaintiff establishes:  (1) the employer "fail[ed] to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known"; (2) the unlawful actions of the harassing employee were within the scope of his employment; *or* (3) the harassing employee "'purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he [or she] was aided in accomplishing the tort by the existence of the agency relationship.'"  *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 576-79 (10th Cir. 1990); *see also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 n.3 (10th Cir. 1993).

Here, Ms. Seymore alleges the International Brotherhood of Electrical Workers engaged in several instances of improper conduct.  First, Ms. Seymore contends the evidence reveals the union general foreman and union steward both failed to remove a cartoon that Ms. Seymore felt discriminated against her.  Ms. Seymore claims the union steward then tried to gain possession of the cartoon by offering Ms. Seymore his wallet.  Ms. Seymore also contends the union agent told her he did not have time to investigate her harassment complaint.  Finally, Ms.

Seymore complains the union's business manager behaved in a "hostile and intimidating manner" toward her.

Construing the factual record in the light most favorable to Ms. Seymore, we do not believe Ms. Seymore can establish the union subjected her to a hostile work environment. There is no evidence the union discriminated or took any adverse action against Ms. Seymore on account of her gender. Furthermore, Ms. Seymore's evidence fails to establish the harassment affected a term or condition of employment. An actionable hostile work environment exists only when a plaintiff is subjected to sexual harassment "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment." *Merritor Sav. Bank*, 477 U.S. at 67 (quoting *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982)). Here, the conduct Ms. Seymore complains of by the union is not severe enough to implicate Title VII. Thus, the district court's determination that the union was not directly responsible for sexual harassment under Title VII was proper and in accordance with law.

Ms. Seymore also appears to argue the trial court erred in determining as a matter of law the International Brotherhood of Electrical Workers was not responsible for the unlawful sexual harassment perpetrated by Shawver.

According to Ms. Seymore, the union did not take prompt, remedial action in response to Shawver's allegedly unlawful conduct. It is true that a union may be held responsible under Title VII for discriminatory practices by an employer if the union does not take appropriate action against such practices. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1310 (10th Cir. 1980). "A union cannot acquiesce in a company's prohibited employment discrimination and expect to evade Title VII liability for such discrimination." *Id.* at 1311. However, where a jury determines an employer did not engage in unlawful discrimination under Title VII, a union may not be held responsible under Title VII for the employer's actions.

In the present case, a jury determined Shawver was not responsible under Title VII for unlawful sexual harassment. Ms. Seymore does not contest the jury's verdict on appeal.[3] Consequently, the International Brotherhood of Electrical Workers may not be held responsible under Title VII for acquiescing in the actions of Shawver.[4]

---

[3] Ms. Seymore does contend the trial judge improperly prevented her from introducing a cartoon into evidence. Because we conclude in Section III. C., *infra*, that the trial court did not abuse its discretion in excluding the cartoon from evidence, we find the jury's verdict in Shawver's favor on Ms. Seymore's sexual harassment claim to be valid.

[4] Ms. Seymore argues summary judgment should not have been granted because there was an "abundance of evidence establishing pretext." Unfortunately for Ms. Seymore, evidence of pretext is insufficient to preclude summary judgment on a hostile sexual work environment claim. To establish a

Finally, Ms. Seymore contends the International Brotherhood of Electrical Workers breached its duty of fair representation. Ms. Seymore contends the union failed to take prompt remedial action in response to her complaints of harassment.

Ms. Seymore's complaint did not assert a claim against the union for breach of its duty of fair representation. In fact, our review of the limited record on appeal does not show Ms. Seymore ever raised a breach of fair representation claim before the district court. As a general rule, this court will not consider an issue on appeal that was not presented to the district court. *Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1232-33 (10th Cir. 1997); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Because we are aware of no good reason to depart from the general rule in the case at bar, we decline to review Ms. Seymore's breach of the duty of fair representation claim.

**B. Retaliation Claim Against Shawver**

Ms. Seymore next argues the trial court erred in determining it lacked subject matter jurisdiction over her retaliation claim against Shawver. The

---

claim of hostile sexual work environment, a plaintiff must prove the five elements set forth *supra*. Because Ms. Seymore failed to establish these elements, the district court properly granted summary judgment in favor of the International Brotherhood of Electrical Workers.

district court found Ms. Seymore did not allege retaliation in her Equal Employment Opportunity Commission charge against Shawver. The court also determined the allegations of racial discrimination and sexual harassment in the Equal Employment Opportunity Commission charge were not "reasonably related" to Ms. Seymore's retaliation claim. Consequently, the court granted summary judgment in favor of Shawver on Ms. Seymore's retaliation claim. We review the district court's grant of summary judgment *de novo*. *Wolf*, 50 F.3d at 796.

A plaintiff is required to file a timely charge of discrimination with the Equal Employment Opportunity Commission prior to filing a civil action under Title VII. *See* 42 U.S.C. § 2000e-5(e) and (f)(1) (1994). Federal courts lack jurisdiction to entertain Title VII claims unless such claims were previously filed with the Equal Employment Opportunity Commission. *Trevino-Barton v. Pittsburgh Nat. Bank*, 919 F.2d 874, 878 (3d Cir. 1990).

When a plaintiff seeks judicial relief for incidents not listed in her original charge to the Equal Employment Opportunity Commission, "the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [Equal Employment Opportunity Commission] charge, including new acts occurring during the pendency of the charge before the [Equal

Employment Opportunity Commission]." *Brown v. Hartshorne Pub. Sch. Dist. # 1*, 864 F.2d 680, 682 (10th Cir. 1988) (quoting *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). In *Brown*, we recognized that courts have held an act committed by an employer in retaliation for the filing of an Equal Employment Opportunity Commission complaint is reasonably related to that complaint, "obviating the need for a second [Equal Employment Opportunity Commission] complaint." 864 F.2d at 682.

In *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1209 (2d Cir. 1993), the plaintiff asked the Second Circuit to rule all retaliation claims are *per se* reasonably related. The court declined the plaintiff's request. *Id.* The court noted "[t]he reasonably related rule has been broadly construed to allow judicial redress for most retaliatory acts arising *subsequent* to an [Equal Employment Opportunity Commission] filing." *Id.* (emphasis added). In order to be reasonably related to the Equal Employment Opportunity Commission complaint, the court stated "the rule is that a claim must arise only after the ... complaint has been filed." *Id.*

We are inclined to agree with the Second Circuit's interpretation of the reasonably related rule. Where an alleged retaliatory action occurs after the filing

-13-

of a charge with the Equal Employment Opportunity Commission, the retaliatory action is reasonably related to the charge. However, where a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the charge.[5] This rule obviates the need for filing repetitive complaints with the Equal Employment Opportunity Commission where the defendant engages in retaliatory actions after a complaint has been filed with the Equal Employment Opportunity Commission. The rule is also consistent with the purposes of the requirement of filing a charge with the Equal Employment Opportunity Commission -- to provide notice of the alleged violation to the charged party, and to provide the Equal Employment Opportunity Commission with the opportunity to conciliate the claim. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). Moreover, this rule comports with our statement in *Brown* that a judicial complaint may encompass "*new* acts occurring during the *pendency* of the charge before the [Equal Employment Opportunity Commission]." 864 F.2d at 682 (emphasis added).

---

[5] We do not decide whether there are any circumstances under which a retaliatory act that occurs prior to the filing of a charge and is not alleged in the charge could reasonably relate to the charge.

In the present case, the record reveals Shawver discharged Ms. Seymore on February 5, 1993. Nine days later, on February 14, 1993, Ms. Seymore filed a charge against Shawver with the Equal Employment Opportunity Commission, alleging race and sex discrimination. Although Ms. Seymore was certainly aware of her termination at this time, she failed to assert a retaliation claim. Because the alleged retaliatory discharge occurred prior to the filing of the charge with the Equal Employment Opportunity Commission, the alleged retaliatory discharge does not reasonably relate to the charge.

We reach this conclusion even though Ms. Seymore filed a complaint alleging race and sex discrimination with the Oklahoma Human Rights' Commission prior to her termination. Notwithstanding the Human Rights' Commission complaint, the fact remains Ms. Seymore filed a separate charge with the Equal Employment Opportunity Commission five days after she was terminated. Ms. Seymore was aware of her retaliation claim at that time, and had the opportunity to assert that claim on her Equal Employment Opportunity Commission charge, thus giving Defendants notice of the claim and providing the EEOC the opportunity to attempt to conciliate the claim. However, she chose not to do so. Because the Equal Employment Opportunity Commission complaint was filed after her termination, we believe the defendants, as well as the Equal

Employment Opportunity Commission, were entitled to presume Ms. Seymore was only asserting claims for race and sex discrimination. If we were to allow Ms. Seymore to rely on her earlier Human Rights' Commission complaint to assert a claim of retaliation, we would be acting in blatant disregard of the dual purposes of the Equal Employment Opportunity Commission charge requirement. Thus, we conclude Ms. Seymore's retaliation claim does not reasonably relate to her Equal Employment Opportunity Commission charge and the district court correctly determined it lacked subject matter jurisdiction over Ms. Seymore's retaliation claim.[6]

---

[6] Ms. Seymore claims the district court's grant of summary judgment on the retaliation claim "on the date of the trial resulted in a denial of fundamental due process." This argument is meritless. The Supreme Court has declared "a party does not waive [subject matter jurisdiction] by failing to challenge jurisdiction early in the proceedings." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Even if the parties fail to raise the issue of subject matter jurisdiction, the court has the duty to raise and resolve the matter. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 872 (10th Cir.), *cert. denied*, 116 S. Ct. 174 (1995).

Ms. Seymore also argues that in March 1993 she amended her original charge with the Department of Human Rights to include a retaliation claim. It appears Ms. Seymore is asserting this argument for the first time on appeal. The record reveals Ms. Seymore admitted to the district court she did not assert a retaliation claim against Shawver in her Equal Employment Opportunity Commission charge. In its order of May 22, 1996, the district court stated "it is undisputed that [Ms. Seymore] failed to allege retaliation in her [Equal Employment Opportunity Commission] complaint." Because Ms. Seymore did not present her amendment argument to the district court, we refuse to consider the argument on appeal. *See Walker,* 959 F.2d at 896.

## C. Exclusion of Cartoon From Evidence

Ms. Seymore contends the district court abused its discretion in excluding a certain "Far Side" cartoon from evidence. Generally, the admission or exclusion of evidence lies within the sound discretion of the district court and will not be reversed absent an abuse of discretion. *Robinson v. Missouri Pac. R. R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994).

Here, Ms. Seymore sought to introduce into evidence a "Far Side" cartoon entitled "School for the Mechanically Declined." The cartoon depicted seven people (five males, two females) observing a demonstration on how to use a screwdriver. All the persons in the cartoon had been given the first names of various employees of Shawver. Ms. Seymore's first name ("Lou") was written on one of the female characters in the cartoon. The skin of the character named "Lou" was shaded in and the lips were colored red.

---

Finally, Ms. Seymore argues she has been disadvantaged by negligence or clerical error by the Equal Employment Opportunity Commission. However, Ms. Seymore fails to allege how the Equal Employment Opportunity Commission committed negligence or clerical error. Our thorough review of the record has failed to unearth any support for Ms. Seymore's bald assertions. Hence, we reject Ms. Seymore's "clerical error" argument.

-17-

The district court apparently determined the "Far Side" cartoon was irrelevant and unfairly prejudicial to Shawver. Consequently, the court entered an order excluding the cartoon from evidence. On appeal, Ms. Seymore argues the district court abused its discretion by prohibiting her from introducing the cartoon into evidence. Ms. Seymore contends the cartoon was relevant to her claims of unlawful retaliation and sexual harassment. Ms. Seymore also claims the cartoon was racially offensive.

In general, "relevant evidence" is evidence having a tendency to make any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. Fed. R. Evid. 401. A trial judge may exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, we do not believe the "Far Side" cartoon is probative of sexual harassment. Although the cartoon implies the seven observers are mechanically inept, it does not contain any sexual references or connotations. The cartoon does not treat the identified female employees of Shawver any differently from the

-18-

identified male employees of Shawver. If anything, the cartoon appears more disparaging to males since five of the seven observers in the cartoon have been identified as male employees of Shawver. An objective examination of the cartoon simply does not reveal anything sexually harassing against women generally, or Ms. Seymore personally. We therefore conclude the cartoon was not relevant to Ms. Seymore's sexual harassment claim and was properly excluded from evidence by the district court.

Although Ms. Seymore contends the cartoon is probative of retaliation and racial harassment, these contentions are irrelevant. The only claim at issue during the trial was Ms. Seymore's sexual harassment claim. The trial court dismissed Ms. Seymore's retaliation claim and we determined this dismissal was proper. Ms. Seymore did not allege racial harassment in her complaint. Thus, even if the cartoon is probative of retaliation or racial harassment, the trial court did not abuse its discretion in excluding the cartoon from evidence.

## IV. CONCLUSION

Based upon the foregoing reasons, we hereby **AFFIRM** the trial court's decisions in all respects. We grant Ms. Seymore's motion to add exhibits to her reply.