**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL D. O'KEEFE,

      Plaintiff-Appellant,

v.

DONNY RALEY, Mayor; TERRY
RUSHING, Vice-Mayor; WANDA
GIBSON; CHARLES SYKES; BRIAN
PARRISH, all members of the City
Council of Madill, Oklahoma; CITY
OF MADILL, OKLAHOMA, a
municipal corporation,

      Defendants-Appellees.

No. 97-7106
(D.C. No. 96-CV-593-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff commenced a 42 U.S.C. § 1983 action alleging violation of his Fifth Amendment due process rights with respect to the termination of his employment as city manager of the defendant City of Madill, Oklahoma.[1]  The district court granted defendants' motion for summary judgment.  Plaintiff appeals from that decision, and we affirm.

At a meeting held on May 14, 1996, the city council voted to terminate plaintiff.  Shortly thereafter, plaintiff, based on his more than one-year tenure as city manager, requested reinstatement and notice of the reasons for his proposed removal and an opportunity for a public hearing before termination pursuant to the city charter and personnel policy manual.  In response, the city council reinstated plaintiff, paid him back wages, suspended him without pay, and scheduled a public hearing for June 13, 1996, to consider his continued employment.  Subsequently, the city counsel gave plaintiff written notice of its concerns about his employment.  At the June 13 hearing, the city council heard evidence submitted by the city attorney.  Plaintiff objected to the hearing, refused to participate alleging bias by the city council members, and left the hearing

---

[1]     Plaintiff also alleged his privacy was invaded.  He abandoned this claim in district court, and does not assert it on appeal.

before its completion. At the end of the meeting, the city council again voted to terminate plaintiff.

Plaintiff then filed this civil rights action in district court. The district court determined that although the termination at the May 14, 1996, meeting violated the provisions of the Oklahoma Open Meeting Act, see Okla. Stat. tit. 25, §§ 301-314, the city council properly treated the May 14 termination as invalid, see id. § 313. Also, the court decided that plaintiff suffered no adverse consequences by the violation because he was reinstated and given back wages. With respect to plaintiff's claim of denial of due process at the June 13, 1996, hearing, the district court determined that although plaintiff had no entitlement to future employment, the city council complied with the procedural requirements of the city charter, the only authority granting plaintiff procedural rights, by providing written notice and an opportunity for a public hearing. Furthermore, the court determined that the city council was the only body empowered by both city charter and statute, see Okla. Stat. tit. 11, § 10-106, to terminate a city manager, regardless of any possible bias on its part.

On appeal, plaintiff argues the district court erred in granting summary judgment because (1) the city council violated Oklahoma's Open Meeting Act, its city charter, and its personnel policy manual when it first terminated plaintiff on May 14, 1996; (2) plaintiff had a property interest in the city manager position

which entitled him to due process prior to termination; and (3) the city counsel failed to give plaintiff the due process to which he was entitled under the city charter and personnel policy manual at the June 13, 1996, hearing.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party.  See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 797 (10th Cir.), cert. denied, 118 S. Ct. 342 (1997).  Summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  See id.

After examining the briefs on appeal, plaintiff's appendix and the relevant case law in light of this standard, we see no reversible error.  Accordingly, we affirm the grant of summary judgment for substantially the reasons stated by the district court in its order of August 20, 1997.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-