**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GILBERT H. SMITH,

      Plaintiff-Appellant,

v.

PARK COUNTY SCHOOL DISTRICT
NO. 6; ALAN HAFER and
MARYANN McGEE, individually,

      Defendants-Appellees.

No. 99-8023
(D.C. No. 97-CV-261)
(D. Wyo.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gilbert H. Smith, appearing pro se, appeals the district court's grant of summary judgment in favor of defendants on his Americans with Disabilities Act (ADA) claim under 42 U.S.C. §§ 12101-12213 against Park County School District (School District), his intentional infliction of emotional distress claim against Alan Hafer, the Superintendent of the School District, and Maryann McGee, the Special Education Director for the School District, and his First Amendment freedom of speech and association claim against all of the defendants.  The district court granted defendants' motion for summary judgment, holding that Smith (1) failed to exhaust his administrative remedies with respect to his ADA claim by filing a charge with the EEOC within 300 days of the last alleged violation of the ADA; (2) did not present evidence that Hafer and McGee engaged in "outrageous conduct" sufficient to support an intentional infliction of emotional distress claim; and (3) did not present evidence that the defendants violated Smith's First Amendment rights.

We review de novo the district court's decision granting summary judgment and apply the same legal standards as the district court.      *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999).  Summary judgment is appropriate on a record demonstrating that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As always, "we view the factual record and

-2-

inferences therefrom in the light most favorable to the nonmoving party."
*Bullington* , 186 F.3d at 1313. We affirm.

## I. Background

Smith, who has a life-long history of mental illness, worked for the School District as a special education teacher from 1983 to 1994. Smith has been diagnosed with bipolar disorder, also known as manic depression, and also claims to have post-traumatic stress syndrome and past alcohol and chemical addictions. He claims these impairments substantially limit one or more of his major life activities. Smith claims that additional job duties and problems with his supervisor, defendant McGee, and his school superintendent, defendant Hafer, caused him stress and made him depressed. He claims that in December 1993, he requested an additional aide to help him with his students as a reasonable accommodation for his disability. The School District provided him with an additional aide in February 1994, but Smith nevertheless resigned on July 29, 1994. Smith filed a complaint with the EEOC on March 5, 1995.

Under a provision of Title VII of the Civil Rights Act of 1964 which is applicable to ADA actions, a lawsuit alleging discrimination must be based on actions which occurred within 300 days of the filing of an EEOC charge.  *See* 42 U.S.C. §§ 2000e-5(e) (1) (permitting a claimant to seek redress for adverse actions occurring no more than 300 days before the filing of an EEOC complaint);

12117(a) (incorporating by reference Title VII procedures into ADA actions).[1]

Thus, a plaintiff may not bring an ADA action based upon claims that were not part of a timely-filed EEOC charge. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997).

The district court correctly dismissed Smith's ADA claim because he did not file a charge with the EEOC within 300 days of the alleged adverse employment action. The only evidence Smith presented of an alleged ADA violation was his December 1993 request for an additional aide as an accommodation for his mental disorder and the fact that the aide was not provided until February 1994. This conduct occurred months prior to May 10, 1994, the date which is 300 days prior to the date he filed his EEOC complaint. Accordingly, Smith's ADA action is time-barred for failure to timely file with the EEOC.

Smith asserts in his appellate brief that defendants engaged in ongoing violations of the ADA, entitling him to a tolling of the 300-day limit. Under the continuing violation doctrine, "a plaintiff may recover for incidents which occurred outside the statutory time limit if at least one instance of the alleged

---

[1]    The 300-day limitation applies in states, like Wyoming, which have statutorily prohibited discrimination; in other states the time limit is 180 days. *See* 42 U.S.C. § 2000e-5(e); *see also Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 n. 4 (10th Cir. 1993).

discriminatory practice occurred within the limitations period and the earlier acts are part of a 'continuing pattern of discrimination.'" *Bullington*, 186 F.3d at 1310 (quoting *Martin v. Nannie & The Newborns, Inc.,* 3 F.3d 1410, 1415 (10th Cir. 1993). There must be "at least one instance of the discriminatory practice within the filing period for the doctrine to apply, and the earlier acts must be part of a continuing policy or practice that includes the act or acts within the statutory period." *Martin*, 3 F.3d at 1415. "It is not sufficient merely that acts outside the required time limit had a continuing effect within the statutory time allowed for suit." *Id*.

The only evidence Smith presents of any alleged ongoing violation of the ADA is his assertion that his supervisor, defendant McGee, abandoned her responsibilities as director of special education in 1994, continuing through the date of his July 1994 resignation, making his job more stressful and causing him to be more anxious and depressed. This evidence does not indicate the existence of any ADA violation within the filing period. *Cf. Siemon v. AT&T Corp.*, 117 F.3d 1173, 1176 (10th Cir. 1997) (holding that plaintiff suffering from mental impairment that allegedly prevented him from working under a few supervisors is not disabled within the meaning of the ADA). Smith does not allege any adverse employment action or any allegedly discriminatory conduct against him within the 300-day filing period, nor does he specify any particular

event after May 10, 1995, which he claims is part of the alleged continuing violation. *Cf. Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997) (holding that plaintiff must demonstrate that he suffered an adverse employment action because of his alleged disability in order to state a prima facie case under the ADA). Thus, Smith has not presented evidence of any continuing ADA violation that would toll the 300-day requirement.

The district court also concluded that Smith was not a disabled person within the meaning of the ADA. As we have concluded Smith's ADA action is time-barred, we need not address whether Smith is a disabled person under the ADA.

## II. Intentional Infliction of Emotional Distress

Smith claims the district court erred in rejecting his claim that defendants Hafer and McGee intentionally inflicted severe emotional distress upon him. Smith asserts Hafer failed to give him a raise and asked to meet with him to discuss general problems with the special education department at a time when Hafer knew Smith was suffering from the depressive aspect of his mental illness. Smith's allegations against McGee consist of various incidents in which she gave him difficult job assignments or reassigned his job duties or incidents in which she did not agree with his opinions about students or department policies. Smith also presented evidence that McGee frequently yelled and spoke sarcastically to

her staff, including to Smith, and on one occasion loudly accused Smith of insubordination.

In order to maintain an action for intentional infliction of emotional distress, there must be outrageous conduct, that is, "conduct which goes beyond all possible bounds of decency, is regarded as atrocious, and is utterly intolerable in a civilized community." *Leithead v. American Colloid Co.*, 721 P.2d 1059, 1066 (Wyo. 1986). For Smith to recover for intentional infliction of emotional distress, the distress inflicted must be so severe that no reasonable person could be expected to endure it. *See id*. at 1066, 1067.

We agree with the district court that none of the alleged actions by these defendants constitutes "outrageous conduct." Even McGee's conduct of frequently yelling at Smith and other staff members in a sarcastic manner, though perhaps intimidating and offensive, fails to rise to the level of outrageousness required under the strict standards imposed by Wyoming law. The district court correctly granted summary judgment in favor of defendants on this claim. *See id*. at 1066 (holding that "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery").

Smith contends for the first time on appeal that a "thin skull" rule should be applied to his intentional infliction of emotional distress claim; that is, he

contends that Hafer and McGee should be held liable for aggravation or exacerbation of his particular preexisting mental condition. We do not address this issue of first impression under Wyoming law because it was not first presented to the district court. *See Tele-Communications, Inc. v. Commissioner*, 12 F.3d 1005, 1007 (10th Cir.1993).

## III. First Amendment Claim

Finally, Smith contends that all of the defendants violated his First Amendment rights of freedom of speech and association. In his pleadings below, Smith complained about the School District's transfer of a special education staff member, thus depriving Smith of his ability to associate with this colleague; the School District's decision to cancel district-wide special education staff meetings, thus depriving Smith of the ability to associate with other staff members as a group; a letter from McGee reminding all staff that personnel matters relating to a school psychologist who was terminated should be treated as confidential; the statement of another teacher that McGee told staff not to communicate with each other; and a statement from Smith's wife that Smith felt pressured by the School District to say or do things he didn't feel comfortable with.

Whether a public employer's action in response to an employee's speech violates the employee's First Amendment rights depends on whether the speech was related to a matter of public concern, or simply related to internal office

affairs.  *See Connick v. Myers*, 461 U.S. 138, 143-49 (1983).  Matters solely of personal interest to government employees are not protected by the First Amendment.  *See Horstkoetter v. Dep't of Public Safety,* 159 F.3d 1265, 1271 (10th Cir. 1998) (citing *Connick*, 461 U.S. at 147).  In analyzing whether speech is of public concern, "many courts have particularly focused on the extent to which the content of the employee speech was calculated to disclose wrongdoing or inefficiency or other malfeasance on the part of governmental officials in the conduct of their official duties."  *Koch v. City of Hutchinson*, 847 F.2d 1436, 1445 (10th Cir. 1988) (en banc).

We agree with the district court that the incidents Smith complains of all relate to internal personnel disputes, and that any content involved was only of private concern.  *See Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1233-34 (10th Cir. 1998) (holding that teacher's statements quoted in newspaper concerning his suspension did not involve matters of public concern for First Amendment purposes).  Where an employee's speech relates only to private personnel grievances and "cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment."  *Connick*, 461 U.S. at 146.  Thus,

the district court correctly granted summary judgment in favor of defendants on Smith's First Amendment claims.

Smith's motion to supplement the record is GRANTED and defendants' motion to strike portions of Smith's brief is DENIED. The judgment of the district court is AFFIRMED for substantially the reasons set forth in the district court's order dated January 27, 1999. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge