F I L E D
United States Court of Appeals
Tenth Circuit

DEC 21 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

  Plaintiff/Appellee,

JOHN OTERO,

  Plaintiff/Intervenor/Appellee,

vs.

WAL-MART STORES, INC.,

  Defendant/Appellant.

No. 98-2122
(D.C. No. CV-95-1199-JP)
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before **BRORBY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **WEST**, District Judge.[1]

Plaintiff/appellee Equal Employment Opportunity Commission ("EEOC") filed this action against defendant/appellant Wal-Mart Stores, Inc. ("WalMart"), and alleged WalMart

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of orders and judgments is generally disfavored; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

discriminated against John Otero in violation of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12101 et seq. Otero intervened in the lawsuit and he likewise alleged

violations of the ADA against WalMart.

Otero was injured in an automobile accident in June 1988. As a result of the accident,

Otero's right arm below the elbow joint was amputated. Although Otero has been fitted with

a cosmetic prosthetic device, the device has "no mechanical functions to it." Volume I, Trial

Transcript [hereinafter "TT", preceded by volume number] at 23.

In August 1992 and again, in October 1992, Otero applied for the position of night

receiving clerk at the WalMart Store in Las Cruces, New Mexico. On October 28, 1992,

Otero was interviewed by Gloria Reyes, WalMart's personnel manager. Using a prepared

"interview comment" sheet, Reyes asked Otero:

"What current or past medical problems might limit your ability to do a job?"

In response to the question, Otero told Reyes about his arm and, according to Reyes,

asked her if she knew about the ADA. Until that time, Reyes had been unaware of his

prosthesis. Reyes and her immediate supervisor, assistant manager Diane Bingham,

ultimately recommended that Otero not be hired. The stated reason for non-employment was

Otero's rudeness, which allegedly occurred after his statements about his physical

impairment and the ADA.

2

The EEOC and Otero both claimed that WalMart discriminated against Otero when it asked the question and again, when it failed to hire Otero, based on information obtained in response to the question.

The EEOC moved for summary judgment on the "improper inquiry" claim, arguing that WalMart's interviewing practices constituted a per se violation of the ADA. WalMart likewise moved for summary judgment on this claim. It argued that the district court lacked jurisdiction over the claim because Otero had failed to exhaust his administrative remedies in connection with such claim. The district court denied WalMart's motion and granted summary judgment to the EEOC on the issue of liability.

The matter then came on for trial. The district court awarded nominal damages to Otero on the "improper inquiry" claim and submitted the issue of punitive damages to the jury. The jury found WalMart acted with "reckless indifference to [Otero's] federally protected rights" during the interview and awarded Otero punitive damages in the amount of $100,000.00. The jury likewise found in favor of the EEOC and Otero on the "failure to hire" claim and awarded Otero compensatory damages in the amount of $7500.00 and punitive damages in the amount of $50,000.00 on that claim. Judgment was entered accordingly.

In a Memorandum Opinion and Order, the district court denied WalMart's post-judgment motions and granted the EEOC's request for injunctive relief. The district court permanently enjoined WalMart at its store in Las Cruces "from failing or refusing to hire a

3

qualified individual with a disability because of his or her disability[]" and "from making inquiries of job applicants, before a job offer is made, which are likely to elicit information about a disability, unless[] (a) the question relates to the applicant's ability to perform job-related functions, and (b) the question is not phrased in terms of disability." The district court further ordered WalMart to inter alia "conduct ADA compliance training for all supervisory and managerial employees," and upon completion of the training, to provide the EEOC "a summary of the training given and a list of all attendees . . . ."

On appeal, WalMart has argued first that the EEOC and Otero failed to present a prima facie case of discrimination in connection with the "failure to hire" claim. WalMart's argument is based on its contention that absent evidence that Otero was replaced by a non-disabled person, this claim should not have been submitted to the jury.

In ADA cases where there is an absence of direct evidence of discrimination, courts generally employ the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to evaluate a plaintiff's claim. Butler v. City of Prairie Village, 172 F.3d 736, 747 (10th Cir. 1999)(citation omitted). Under McDonnell Douglas, a plaintiff claiming disability discrimination must first establish a prima facie case by demonstrating by a preponderance of the evidence,

> "'(1) that he is "disabled" within the meaning of the ADA, (2) that he is qualified–with or without reasonable accommodation[,] and (3) that he was discriminated against because of his disability.'"

4

Id. at 748 (quoting Siemon v. AT&T Corp., 117 F.3d 1173, 1175 (10th Cir. 1997)(footnotes and other citations omitted)). There is no requirement imposed upon a plaintiff alleging a violation of the ADA in this circuit to show replacement by a person outside of the protected class, id. at 748-49, and WalMart has cited no persuasive authority which holds otherwise. Accordingly, the district court committed no error by denying WalMart's request for judgment as a matter of law to the extent it was based on this argument.

WalMart has also argued that the EEOC and Otero failed to establish that Otero was disabled within the meaning of the ADA. The jury in this case was instructed that

> "[t]he term 'disability' means, one, a physical impairment that substantially limits one or more of the major life activities of the individual. Or, two, being regarded as having such an impairment."

III TT at 13. The jury was further instructed that the phrase "substantially limits" for purposes of the ADA

> "means, one, unable to perform a major life activity that the average person in the general population can perform. Or, two, significantly restricted as to the condition, manner or duration under which an individual can perform any major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity."

III TT at 14.

The jury was also advised to consider the following factors in determining whether Otero was substantially limited in any major life activity.

> "One, the nature and severity of the impairment. Two, the duration or expected duration of the impairment. And, three, the permanent or long-term

5

impact or the expected permanent or long-term impact resulting from the impairment."

III TT at 14.

Finally, the jury was instructed that the phrase "major life activity"

"means functions such as caring for oneself, performing manual tasks, lifting, walking, seeing, hearing, speaking, breathing, learning and working."

III TT at 14.

Otero testified about the effect of his physical impairment on his life and on his ability to perform certain tasks. Based upon this evidence, the jury found Otero was disabled. WalMart thereafter unsuccessfully challenged this finding in its post-judgment motions.

We review the district court's denial of WalMart's Motion for Judgment as a Matter of Law de novo. Judgment as a matter of law is appropriate only if the nonmoving party "'has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" Davis v. United States Postal Service, 142 F.3d 1334, 1339 (10th Cir. 1998)(quoting Rule 50(a), F.R.Civ.P.). Examining the evidence in the light most favorable to the EEOC and Otero, and extending to them the benefit of all reasonable inferences, we find the evidence on this issue does not conclusively favor WalMart and that a reasonable jury could have determined that Otero was disabled within the meaning of the ADA.

WalMart has further argued that the EEOC and Otero failed to present evidence of an intent to discriminate against Otero on the basis of his disability. The district court, in

denying WalMart's Motion for Judgment as a Matter of Law, outlined what it considered to be "sufficient direct and indirect evidence" presented by the EEOC and Otero "from which it could be inferred" that WalMart acted with the necessary discriminatory intent.

The relevant evidence on the issue of discriminatory intent was conflicting and again, we find that a reasonable jury could have determined that WalMart intentionally discriminated against Otero because of his disability. Thus, the district court did not err in denying WalMart's request for judgment as a matter of law to the extend the request was based on this argument.

WalMart has also argued that the district court lacked jurisdiction to consider the "improper inquiry" claim. This argument is based on the fact that the charge of discrimination filed by Otero with the EEOC did not refer to the "interview comment" sheet or any questions thereon.

WalMart did not raise this issue in its answers to the EEOC's first amended complaint and Otero's complaint-in-intervention. Rather, WalMart admitted that "[a]ll conditions precedent to the institution of this lawsuit ha[d] been fulfilled," and that "[a]ll preconditions to jurisdiction . . . ha[d] been satisfied." WalMart also failed to raise the issue in the parties' Final Pretrial Order. As stated, the issue was however the subject of WalMart's unsuccessful Motion for Summary Judgment.

Exhaustion of administrative remedies is a prerequisite to bringing suit under the ADA.[2] To exhaust such remedies, a plaintiff must present his claims to the EEOC in a timely-filed written charge of discrimination. The charge must both "identify the parties," 29 C.F.R. § 1601.12(b), and "describe generally the action or practices complained of." Id. The charge "provide[s] notice of the alleged violation to the charged party, and . . . provide[s] the . . . [EEOC] with the opportunity to conciliate the claim." Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997)(citation omitted).

There is however a limited exception to the exhaustion rule. If an unexhausted claim is "reasonably related" to an exhausted claim, district courts may consider it. Judicial consideration of claims "not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1416 n.7 (10th Cir. 1993)(citations omitted). A review of the instant record clearly indicates that the "improper inquiry" claim could reasonably fall within this limited exception. An investigation of Otero's "failure to hire" claim would necessarily include an investigation of Otero's alleged rudeness, the stated reason for his non-selection, which occurred, if at all, as a result of, and after being asked, the "improper inquiry."

---

[2]In light of our holding on this issue, we need not revisit the issue of whether exhaustion is jurisdictional or whether it may be waived. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1228 (10th Cir. 1997).

WalMart has further argued that the district court erred when it granted summary judgment in favor of the EEOC and Otero on the "improper inquiry" claim. We review the grant of summary judgment de novo, applying the same legal standard as the district court. E.g., Butler, 172 F.3d at 745. Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), F.R.Civ.P.

The law is clear that an employer is prohibited from making "inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability." 42 U.S.C. § 12112(d)(2)(A). The law is equally clear that an employer "may make preemployment inquiries into the ability of an applicant to perform job-related functions." Id. § 12112(d)(2)(B).

The parties stipulated that Reyes never explained to Otero the duties and responsibilities of a night receiving clerk or asked Otero to describe or demonstrate how he might perform such duties. The question therefore did not concern Otero's ability to perform specific job-related functions and was prohibited by section 12112(d)(2)(A). Accordingly, the district court did not err in granting summary judgment on this claim in favor of the EEOC.

WalMart has also taken issue with the district court's refusal to permit WalMart to present evidence of current or previous employees with disabilities. The EEOC and Otero objected to the proposed evidence and the district court sustained their objections.

9

We review the district court's decision to exclude WalMart's proposed evidence for abuse of discretion. Curtis v. Oklahoma City Public Schools Board of Education, 147 F.3d 1200, 1217 (10th Cir. 1998). That decision will not be disturbed unless we have "'a definite and firm conviction that the . . . [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" Id. (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553 (10th Cir. 1991)).

To the extent that WalMart has preserved this argument for appeal, e.g., Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404 (10th Cir. 1991)(to preserve argument that trial court erred in excluding evidence, party is required to make offer of proof), we find WalMart has failed to show that the district court abused its discretion by excluding the proposed evidence.

WalMart has also complained about the awards of punitive damages. WalMart has argued first that the actions of its employees, described by WalMart as "low level employees," cannot support an award of punitive damages against WalMart. We disagree.

Reyes was not only the personnel manager at the time she interviewed Otero in October 1992 but also the training coordinator at the Las Cruces store. As indicated, Bingham was the assistant store manager and Reyes' supervisor. Both were authorized to make discretionary recommendations about employment and indeed, in October 1992, were responsible for making the personnel decisions at the Las Cruces store. E.g., Kolstad v. American Dental Association, 67 U.S.L.W. 4552 (June 29, 1999); EEOC v. Wal-Mart Stores,

10

Inc., 187 F.3d 1241 (10th Cir. 1999). The evidence is clear that Reyes and Bingham were serving in a sufficiently ""managerial capacity,"" e.g., id. at 1247 (quoting Kolstad, 67 U.S.L.W. at 4556 (quoting Restatement (Second) of Agency § 217 C (1957)), and within the scope of their employment, id. at 1247-48; e.g., Kolstad, 67 U.S.L.W. at 4556, to hold WalMart liable in this instance for their actions.

WalMart has further challenged the punitive damages awarded by the jury in connection with the "improper inquiry" claim. It has argued that such damages are not supported by the evidence and that the amount awarded is excessive and violates the due process clause of the fourteenth amendment to the United States Constitution.

Punitive damages are justified in an ADA case where there is evidence that the employer "engaged in a discriminatory practice . . . with . . . reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). "'Whether sufficient evidence exists to support punitive damage is a question of law reviewed de novo.'" Wal-Mart Stores, 187 F.3d at 1244 (quoting Fitzgerald v. Mountain States Telephone and Telegraph Co., 68 F.3d 1257, 1262 (10th Cir. 1995)). In reviewing the evidence in this case, we conclude that a reasonable jury clearly could have found that WalMart discriminated against Otero "in the face of a perceived risk that its actions [would] . . . violate federal law . . . ." Kolstad, 67 U.S.L.W. at 4555; e.g., WalMart Stores, Inc., 187 F.3d at 1245.

We further find that the amount of punitive damages awarded by the jury on the "improper inquiry" claim was supported by the facts and authorized by law. It is neither "'so

11

excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial,'" Wal-Mart Stores, 187 F.3d at 1249 (quoting Malandris v. Merrill Lynch, 703 F.2d 1152, 1168 (10th Cir. 1981)), nor so excessive to be violative of the fourteenth amendment's due process clause.

In its final argument on appeal, WalMart has challenged the injunctive relief ordered by the district court. Injunctive relief, after a finding of unlawful discrimination, is appropriate if "the moving party . . . demonstrate[s] that there exists some cognizable danger of recurrent violations . . . ." EEOC v. General Lines, Inc., 865 F.2d 1555, 1565 (10th Cir. 1989). Unless the district court has abused its discretion by relying on clearly erroneous factual findings or by committing an error of law, we may not set aside an injunction. Upon review of the record, we find the district court did not abuse its discretion in concluding that there was a cognizable danger of a recurrent violation and thus, that injunctive relief was warranted. We further find that the scope of the injunctive relief ordered is neither overly broad nor impermissibly intrusive.

AFFIRMED.

Entered for the Court

Lee R. West
Senior District Judge

12