**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ALONZO ECHOLS,

      Plaintiff - Appellant,

v.

TODAY'S STAFFING;
FORREST T. JONES, INC.,

      Defendants - Appellees.

No. 01-3313
(D.C. No. 00-CV-2061-CM)
(D. Kansas)

---

ORDER AND JUDGMENT   *

---

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Alonzo Echols appeals pro se from the district court order dismissing his claim of racial discrimination, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, against defendants-appellees Today's Staffing and Forrest T. Jones Inc. [1] We affirm.

Mr. Echols was an employee of Today's Staffing, a temporary employment agency. He filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that he had been subjected to discrimination based on gender and sexual harassment while on a temporary work assignment at Forrest T. Jones, Inc. [2] The EEOC dismissed the charge and issued a right-to-sue letter. Mr. Echols then filed this action in district court. His complaint, however, alleged only racial discrimination and did not mention gender discrimination or sexual harassment. The district court dismissed the action for failure to exhaust administrative remedies.

---

[1] Appellees have informed this court that their correct names are Todays Staffing, rather than Today's Staffing, and Forrest T. Jones & Company, Inc., rather than Forrest T. Jones, Inc. For purposes of consistency, however, this order and judgment refers to appellees as they were denominated in district court.

[2] Earlier, Mr. Echols had filed a lawsuit alleging claims of sex discrimination and retaliation against Today's Staffing, Forrest T. Jones, Inc., and the Kansas Department of Human Resources. With regard to appellees in the instant action, the case was dismissed on the ground that plaintiff had not filed a charge with the EEOC. Mr. Echols did not appeal the dismissal of Today's Staffing; the dismissal of Forrest T. Jones, Inc. was upheld on appeal. *See Echols v. Today's Staffing*, No. 99-3390, 2001 WL 82289 (10th Cir. Jan. 31, 2001).

The filing of a discrimination charge with either a state or federal administrative agency is a jurisdictional prerequisite to filing a Title VII discrimination suit in federal court. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997). "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citations omitted). The charge tells the agency what to investigate, provides it with the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. *Seymore*, 111 F.3d at 799.

"Whether [Mr. Echols] did exhaust [his] administrative remedies is a question of jurisdictional fact that we review for clear error." *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002) (discussing parallel jurisdictional requirement under the ADA). An examination of the record makes it apparent that Mr. Echols' EEOC charge provided no suggestion of a racial discrimination theory. The district court therefore properly dismissed his federal-court action for failure to exhaust administrative remedies. We AFFIRM for

substantially the same reasons as those stated in the district court's Memorandum

and Order of August 28, 2001.  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge