F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND CHARLES PERSIK,

Plaintiff - Appellant,

v.

COLORADO STATE UNIVERSITY;
ADECCO COLORADO,

Defendants - Appellees.

No. 02-1204
(D.C. No. 01-WM-934-(MJW))
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Raymond Charles Persik appeals pro se from the district court order dismissing his Title VII employment discrimination claims against defendants-appellees Colorado State University (CSU) and Adecco Colorado (Adecco). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

Mr. Persik was a graduate student and teaching assistant in the CSU chemistry department and also an employee of Adecco, a temporary employment agency. He filed a charge against CSU with the Equal Employment Opportunity Commission (EEOC), alleging that he had been subjected to discrimination based on his gender and also his religious/political pro-life beliefs. After the EEOC dismissed the charge, Mr. Persik filed a complaint in district court naming both CSU and Adecco as defendants. For numerous reasons, the magistrate judge recommended dismissing the entire action with prejudice. The district court reviewed de novo all portions of the magistrate judge's recommendation to which objections were filed, then adopted the recommendation.

## Action against CSU

In the district court, CSU moved for dismissal contending that (1) service of process was ineffective and (2) even if service had been accomplished, CSU is not an entity that is capable of being sued. The magistrate judge agreed with CSU that service was defective. He did not recommend, however, that the case be dismissed without prejudice on that basis. Instead, he recommended dismissal with prejudice

because CSU is not a proper defendant, determining that Mr. Persik should have sued the Colorado State Board of Agriculture (SBA), the entity in financial control of CSU.

Mr. Persik filed objections to the magistrate judge's recommendation, but did not address the issue of CSU's status as a defendant. Rule 72 of the Federal Rules of Civil Procedure provides that when a magistrate judge issues a ruling on a dispositive pretrial motion, a party has ten days after service to "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The objections must be specific enough to focus the district court's attention on the factual and legal issues in dispute. *See United States v. 2121 E. 30th St* ., 73 F.3d 1057, 1060 (10th Cir. 1996). A failure to file a specific objection to a magistrate judge's report and recommendation generally constitutes a waiver of appellate review. *See id* . at 1060-61. Although this court recognizes an interests of justice exception to this "firm waiver rule," *see id* . at 1060, Mr. Persik has not offered any reasons why the interests of justice weigh against application of the waiver rule in this case. Accordingly, Mr. Persik has waived appellate review of the CSU dismissal.

In any event, a de novo review of the ruling would lead to the same result. Under the statutory scheme which created SBA and CSU as separate entities, the SBA is given "general control and supervisory power including power to adopt

regulations to secure the successful operation of the university, hiring authority, and complete financial control over CSU." *Roberts v. Colo. State Bd. of Agric.,* 998 F.2d 824, 827 (10th Cir. 1993) (quotations and ellipses omitted). "SBA was constituted as 'a body corporate, capable in law of suing and being sued.'" *Id.* (quoting Colo. Rev. Stat. § 23-30-102). However, "the statutes and constitutional provisions pertaining to CSU contain no similar grant." *Id.* CSU is "powerless to comply with [a] district court's order on its own," *id.,* and is not an entity capable of being sued, *id.* at 826 n.1. Because CSU is not subject to suit and cannot provide the relief requested by Mr. Persik, the dismissal of CSU is correct as a matter of law.

**Action against Adecco Colorado**

Adecco moved for dismissal of Mr. Persik's claims on three grounds: (1) Mr. Persik did not include Adecco in his EEOC charge; (2) the EEOC charge was untimely; and (3) the district court complaint was untimely as well as improperly served on Adecco. The magistrate judge agreed with all of Adecco's arguments and recommended dismissal on each of the asserted grounds. Upon its review, the district court determined that the omission of Adecco in the EEOC charge meant that the case should be dismissed for failure to exhaust administrative remedies.

The filing of a discrimination charge with either a state or federal administrative agency is a jurisdictional prerequisite to filing a Title VII discrimination suit in federal court. *Seymore v. Shawver & Sons, Inc*., 111 F.3d 794, 799 (10th Cir. 1997). The charge provides the agency with the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. *Id.* "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The omission of a party's name from the EEOC charge, however, does not automatically mandate dismissal of a subsequent Title VII action. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). To determine whether an action should be dismissed for failure to name a defendant, the court considers four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1311-12 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

A consideration of these four factors in light of the appellate record reveals no reason to excuse Mr. Persik's failure to name Adecco in the charge. Plainly, CSU and Adecco are not related in any way. The district court properly dismissed Mr. Persik's claims against Adecco for failure to exhaust administrative remedies.

## Conclusion

The district court's dismissal of this action with prejudice is AFFIRMED. Mr. Persik's motion to file a reply brief out of time is GRANTED. His motion to supplement the district court record is DENIED; his motion for leave to file a reply to Adecco's response to the motion to supplement the record is GRANTED.

ENTERED BY THE COURT
PER CURIAM

-6-