83 F.3d 433
 131 Lab.Cas. P 58,114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce A. RHOADS, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 95-1313.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff Bruce A. Rhoads was terminated from his employment with defendant Wal-Mart Stores, Inc., for sexually harassing a female co-worker in violation of Wal-Mart's sexual harassment policy. He then brought this action for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e to 2000e-17, alleging he was treated less favorably than his female co-workers who made similar sexual comments, but were neither disciplined nor terminated. He also claimed breach of implied contract and promissory estoppel. Rhoads appeals the district court's order granting summary judgment in favor of Wal-Mart.
 
 
 5
 We review a decision granting summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 6
 I. Title VII Claim.
 
 
 7
 Rhoads alleged a disparate treatment claim of gender discrimination under Title VII, asserting that Wal-Mart treated him less favorably because he was a white male. The district court ruled that Rhoads' Title VII claim was for reverse gender discrimination. It concluded that Rhoads had not established a prima facie case of reverse gender discrimination because he failed to assert background circumstances that Wal-Mart was "the unusual employer that discriminates against the majority or that but for his sex he would not have been fired." Aplt.App. at 226.
 
 
 8
 Rhoads first contends that the district court erroneously characterized his gender discrimination claim as one for "reverse discrimination," which he asserts obligated him to meet a higher burden of proof. "Although it is clear that Title VII's protection is not limited to those individuals who are members of historically or socially disfavored groups," we have held that when the plaintiff is a member of "an historically favored group," he must, "in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari v. Denver Water Dep't, 971 F.2d 585, 588-89 (10th Cir.1992). A different standard is applied because there is no reason to presume discrimination against historically favored litigants in the event of adverse employment actions. See Livingston v. Roadway Express, Inc., 802 F.2d 1250, 1253 (10th Cir.1986). Because, as a white male, Rhoads is a member of an historically favored group, the district court correctly required him to establish the elements of a prima facie case of reverse discrimination.
 
 
 9
 Rhoads next contends that he presented genuine issues of material fact sufficient to withstand summary judgment. See Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1533-34 (10th Cir.1995)(reviewing reverse discrimination summary judgment determination). We agree with the district court that Rhoads failed to assert any evidence tending to establish background circumstances indicating that Wal-Mart discriminated against white males generally.
 
 
 10
 Alternatively, Rhoads could have established a prima facie case of reverse discrimination either by presenting "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff." Notari, 971 F.2d at 590. We also agree with the district court that Rhoads failed to present evidence creating a genuine issue of fact supporting any of these alternative theories. Accordingly, summary judgment in favor of Wal-Mart on Rhoads' Title VII claim was appropriate.
 
 
 11
 II. Implied Contract and Promissory Estoppel Claims.
 
 
 12
 Rhoads contends the district court erred in granting summary judgment in favor of Wal-Mart on his implied contract and promissory estoppel claims. Under Colorado law, an employee who is hired for an indefinite period of time is an at-will employee, whose employment may be terminated at any time without cause or notice. Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo.1987). However, a plaintiff can rebut this presumption by showing that statements contained in employee manuals constituted an implied contract limiting the employer's right to terminate an employee. Id. Alternatively, the plaintiff may prevail under a promissory estoppel theory by showing that the employer should have reasonably expected employees to view employment policies as a commitment from the employer to follow those practices, that the plaintiff reasonably relied on these policies to his detriment, and injustice can be avoided only by enforcement of the termination procedures. Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1466 (10th Cir.1994)(citing Keenan, 731 P.2d at 712).
 
 
 13
 Here, Rhoads asserts Wal-Mart breached the progressive step discipline policy contained in its employee handbook when it terminated him. However, immediate termination for sexual harassment is authorized by Wal-Mart's handbook, which states that employees may be immediately terminated for "major infractions," Aplt.App. at 92, and that "individuals who engage in harassment will be disciplined up to and including termination," id. at 94. Moreover, Rhoads admitted he was not aware of and did not read Wal-Mart's employment handbooks, which disclaimed any intention to be bound contractually by its termination or discipline policies. See Kuta v. Joint Dist. No. 50(J), 799 P.2d 379, 382 (Colo.1990)(holding that no claim for implied contract exists where plaintiff is unaware of policy until after termination), and Ferrera v. Nielsen, 799 P.2d 458, 461 (Colo.Ct.App.1990)(holding that a clear and conspicuous disclaimer which specifies that terms in an employee manual are not intended to create contractual obligations may preclude an implied contract as a matter of law).
 
 
 14
 Rhoads alternatively alleges that statements made to him by Wal-Mart's supervisors that "Wal-Mart hires to retire," Aplt.App. at 117, and that plaintiff would "retire a millionaire from Wal-Mart," id. at 120, form the basis of a promissory estoppel claim. We agree with the district court that these statements are too indefinite to be legally enforceable promises, or for Rhoads to have reasonably relied upon them as such.
 
 
 15
 Rhoads also claims to have relied upon Wal-Mart's description of its progressive step discipline procedure during orientation. Rhoads presented only his deposition testimony explaining his generalized understanding of these statements and failed to present any specific evidence indicating the substance of any such representations. Id. at 177-78. Viewing this scant evidence in the light most favorable to Rhoads, we agree with the district court that Rhoads could not reasonably have relied upon these unspecified statements. Thus, the district court's grant of summary judgment on Rhoads' implied contract and promissory estoppel claims was appropriate.
 
 
 16
 For substantially the same reasons set forth in its order entered June 30, 1995, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation