**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JENNIFER ALEMAN,

      Plaintiff-Appellant,

v.

J. D. SHARP, in his official capacity
as Sheriff of Oklahoma County, State
of Oklahoma; OKLAHOMA COUNTY
BOARD OF COUNTY
COMMISSIONERS,

      Defendants-Appellees.

No. 97-6186
(D.C. No. 96-CV-1173)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jennifer Aleman appeals the district court's order granting summary judgment to defendants J.D. Sharp, Sheriff of Oklahoma County, Oklahoma, and the Board of County Commissioners of Oklahoma County on her discrimination claim under Title VII of the Civil Rights Act of 1964 and her claim under the Americans with Disabilities Act of 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

Plaintiff was employed as a detention officer by the Oklahoma County Sheriff from November 6, 1992, to November 3, 1995. Prior to June 1995, plaintiff was diagnosed with endometriosis and took a period of sick leave for treatment. Because she was advised of the difficulty of becoming pregnant if this condition worsened, plaintiff became pregnant immediately. She alleged that because of the pregnancy, she was having a problem performing the functions of her job and tendered a request for light duty to her supervisor, Captain Russell Dear, who referred her to Major Virgil Neuenschwander. Plaintiff alleges that Major Neuenschwander told her that there was no light duty policy, and if he accommodated her, he would have to do the same for the next pregnant employee. Defendants assert, and plaintiff does not refute, that she was told she would have

to see Sheriff Sharp regarding a light duty assignment. Plaintiff asserts that she "attempted" to see the sheriff and the undersheriff. Following several lengthy absences in September and October, 1995, plaintiff left her employment with the Sheriff's department alleging constructive discharge.

On January 18, 1996, plaintiff filed a timely EEOC charge of discrimination alleging that she was forced to resign her position because of her employer's refusal to accommodate her need for light duty. She alleged discrimination under Title VII and the ADA. After the EEOC issued a right to sue letter, plaintiff filed suit alleging that defendants discriminated against her on the basis of her sex and because of her pregnancy. The district court granted defendants' motion for summary judgment, concluding that plaintiff failed to establish a prima facie case of discrimination under Title VII and failed to exhaust her administrative remedies on her ADA claim. Because we conclude that the district court was correct in granting defendants judgment as a matter of law, we affirm.

## II. Discussion

Our review of summary judgment is de novo. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1555 (10th Cir. 1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment must identify sufficient evidence that would require submission of the case to a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

## A. Title VII Claim

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

42 U.S.C. § 2000e-2(a)(1). In 1978, Congress added a definitional section to Title VII, known as the Pregnancy Discrimination Act, which provides in part that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions." Id. at § 2000e(k).

Proceeding under a disparate treatment theory, plaintiff may prove disparate treatment by either direct or indirect evidence. Direct evidence of discrimination is evidence of "an existing policy which itself constitutes discrimination." Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990). Initially plaintiff argues that she established direct evidence

of discriminatory intent through a single remark of her supervisor, Major Neuenschwander. According to plaintiff, when she approached Major Neuenschwander regarding a light duty assignment, he told her that he could not assign her light duty because, if he accommodated her, he would have to accommodate the "next pregnant woman." Appellant's Br. at 8. Plaintiff asserts that this remark constituted direct evidence of discriminatory intent by the Sheriff's department. We do not agree.

"[W]e have held that statements which are merely expressions of personal opinion or bias do not constitute direct evidence of discrimination." EEOC v. Wiltel, Inc., 81 F.3d 1508, 1514 (10th Cir. 1996). Contrary to plaintiff's assertions, this single remark by a supervisor does not clearly reflect a policy of the Sheriff's department to discriminate against pregnant women. In fact, the undisputed facts established that pregnant women had been given light duty in the past. Moreover, defendants assert, and plaintiff does not refute, that she was told she would have to make her request for light duty to the Sheriff. Plaintiff admits that she never discussed her request for light duty with the Sheriff. There is no evidence that Major Neuenschwander was authorized to make a decision regarding whether light duty positions were available and if they were, whether plaintiff would be considered qualified for the positions. At most, Major

Neuenschwander's remark was circumstantial evidence of discriminatory intent. See id.

In the alternative, plaintiff argues that the district court erred in its finding that plaintiff had not established a prima facie case of discrimination. Again, we disagree. If the plaintiff presents indirect evidence, the court applies the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In a claim of discrimination based on disparate treatment, plaintiff bears the initial burden of establishing a prima facie case in Title VII actions. A presumption of discrimination arises once the plaintiff establishes a prima facie case, but the defendant can rebut the presumption by producing some evidence that it had legitimate nondiscriminatory reasons for its action. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981); Sorensen v. City of Aurora, 984 F.2d 349, 352 (10th Cir. 1993). "At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual–i.e. unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

In establishing a prima facie case of disparate treatment gender discrimination, plaintiff must show: (1) she belonged to the protected class; (2) she was adversely affected by the employer's action; (3) she was qualified for

the position; and (4) she was treated less favorably than her male counterparts. See Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1380 (10th Cir. 1994).

Although plaintiff did establish that, as a pregnant woman, she was a member of a protected class, see 42 U.S.C. § 2000e(k), she did not establish that she was denied a light duty position. In fact, she never requested a light duty assignment from Sheriff Sharp, the only person authorized to make that accommodation. Sheriff Sharp asserted in an affidavit that, prior to plaintiff's resignation, he did not know that she was experiencing pregnancy complications. See Appellant's App., Vol. I at 120. He averred that the decision to make light duty assignments was his based on availability of such assignments. See id. at 119. He also stated that he "would have assigned [plaintiff] to a light duty position once [he] was able to talk to her to find out what she could or could not do." Id.

In his deposition, Captain Dear asserted that, after receiving plaintiff's resignation letter, Sheriff Sharp asked him to call plaintiff and ask her to come in to his office and discuss a light duty position. See id. at 130. He also testified that all light duty requests had to go to the Sheriff for approval. See id. Plaintiff testified that she received answering machine messages from Captain Dear and Sheriff Sharp after she resigned asking her to call regarding working something out. See id. at 149-50. She testified that she never returned the calls. See id.

at 150. Finally, although plaintiff established that four non-pregnant employees were accommodated by light duty assignments, she failed to establish that she would not have been similarly accommodated had she discussed her need with the Sheriff.[1]

Based on the factual record, plaintiff did not establish the essential elements of a gender discrimination claim under Title VII. Therefore, we determine that the district court's determination that defendants were entitled to judgment as a matter of law on plaintiff's Title VII claim was correct.

## B. ADA Claim

Lastly, plaintiff asserts that the district court erred in dismissing her ADA claim for lack of subject matter jurisdiction. The district court granted defendants summary judgment on plaintiff's ADA claim, finding that plaintiff had failed to exhaust her administrative remedies. The district court specifically found that plaintiff failed to allege disability discrimination based on her endometriosis.

Federal courts lack jurisdiction to entertain Title VII claims not first filed with the EEOC. Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.),

---

[1] We note that in order to provide accommodation, the employer must have knowledge of the need. Here, plaintiff had the duty to inform Sheriff Sharp of her need before liability could attach for failure to accommodate. Once he was informed, both parties had the responsibility for determining a proper accommodation. A plaintiff cannot fail to participate in good faith for the purpose of inflicting liability.

cert. denied, 118 S. Ct. 342 (1997). This jurisdictional requirement of administrative exhaustion applies equally to ADA claims. 42 U.S.C. § 12117(a). A plaintiff may seek judicial relief for discrimination not described in his EEOC charge, however, if the discrimination is reasonably related to the allegations in the charge. Seymore, 111 F.3d at 799. If the discriminatory act occurs prior to the EEOC filing, and the plaintiff fails to allege the act or claim in the charge, the act or claim ordinarily will not reasonably relate to the charge. See id. (retaliation claim). Here, petitioner only alleged discrimination based on sex and pregnancy in her EEOC complaint. One of the purposes of the EEOC filing requirement is "to provide notice of the alleged violation to the charged party and to provide the Equal Employment Opportunity Commission with the opportunity to conciliate the claim." Id.

Although plaintiff was obviously aware of her endometriosis prior to filing her charge with the EEOC, in the charge she did not allege that this condition was a disability that the Sheriff's department had failed to accommodate. Therefore, defendants were entitled to presume that plaintiff's only claim was one of sex discrimination due to her pregnancy. We conclude that plaintiff's ADA claim did not reasonably relate to her EEOC charge and the district court correctly concluded that it lacked subject matter jurisdiction to decide the claim.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge