**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENISE SCHRODER,

    Plaintiff-Appellant,

       v.

MARVIN T. RUNYON, Postmaster
General, U.S. Postal Service,

    Defendant-Appellee.

No. 98-3128
(D.C. No. 96-CV-2261-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Denise Schroder, appearing pro se, appeals the district court's dismissal of her Title VII and state law employment discrimination claims. We exercise

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Schroder was employed by the United States Postal Service (USPS) from 1979 until her termination on March 8, 1995, for excessive absenteeism. She filed an "EEO Complaint of Discrimination" with the USPS on August 8, 1995. The standardized complaint form asked her to identify the "Type of Discrimination" alleged and offered eight choices: "Race," "Color," "Religion," "National Origin," "Sex," "Age," "Retaliation," and "Disability." Schroder checked the box marked "Disability." The form also asked Schroder to "[e]xplain the specific actions or situation that resulted in [her] allegation(s)." In response she wrote: "Refused any and or all Documentation from all my Doctors after I was assaulted by Roger O'Neal Acting Supervisor Brenda Marts was in charge." Ex. 14.

On August 15, 1995, the USPS requested clarification from Schroder concerning the date of the alleged discriminatory conduct and she responded by providing a transcript from her workers' compensation hearing. Attached to the transcript was a note stating: "June 12, 1994, was when I was assaulted I brought the transcript and doctor notes of being off work." Ex. 17 at 2.

The USPS outlined the scope of its planned investigation in a letter to Schroder dated February 20, 1996. The letter characterized the type of discrimination at issue as "Disability (not specified)," indicated the dates of the

incident were "October 18, 1994 through January 26, 1995," and summarized the specific issue to be investigated as "Management failed to accept medical documentation submitted by complainant." Ex. 16. Although the letter informed Schroder she could object to the scope of the proposed investigation, she remained silent.

On March 11, 1996, the USPS issued its final decision dismissing Schroder's complaint. The decision informed Schroder she could appeal by either filing a civil action in federal district court or by filing an appeal with the Equal Employment Opportunity Commission (EEOC). Schroder ultimately did both. In her original pro se complaint, Schroder alleged she was terminated for exercising her workers' compensation rights, she was assaulted by her supervisor, Roger O'Neal, and she was terminated because she was pregnant. Her appointed counsel filed an amended complaint alleging (1) Schroder was physically grabbed by O'Neal on June 12, 1994, because of her gender; (2) she was terminated on March 8, 1995, in retaliation for having complained about the June 12 incident; and (3) she was terminated in retaliation for having exercised her workers' compensation rights in 1994.

Pursuant to defendant's motion, the district court dismissed Schroder's discrimination claims without prejudice for failure to exhaust administrative remedies. The court concluded Schroder had failed to allege retaliation or

discrimination based on gender in her administrative EEOC charge. As for her state law claim of retaliation for having exercised her workers' compensation rights, the court found Title VII is the exclusive remedy for claims of retaliation and discrimination against the federal government.

We review de novo the district court's decision to dismiss Schroder's Title VII claims for lack of subject matter jurisdiction. See Khader v. Aspin , 1 F.3d 968, 971 (10th Cir. 1993). Federal courts lack jurisdiction to entertain Title VII claims not first filed with the EEOC. Seymore v. Shawver & Sons, Inc. , 111 F.3d 794, 799 (10th Cir.), cert. denied 118 S. Ct. 342 (1997). A judicial complaint for relief may encompass any discrimination like or reasonably related to the allegations in the plaintiff's EEOC charge, including new acts occurring during the pendency of the charge. Id. However, if a discriminatory act occurs prior to the EEOC filing and plaintiff fails to allege the act or claim in the EEOC charge, the act or claim ordinarily will not reasonably relate to the charge. See id.

We have reviewed the entire record on appeal and agree with the district court that the claims asserted by Schroder do not reasonably relate to her administrative EEOC charge. Schroder checked only the box "Disability" in identifying the type of discrimination claimed. Although this action alone is not dispositive, "it certainly creates a presumption that she was not asserting claims represented by boxes not checked." Gunnell v. Utah Valley State College , ___

F.3d ____, 1998 WL 488796 at *5 (10th Cir. 1998).  Further, that presumption was not rebutted by Schroder's vague explanation of facts supporting her charge or by her subsequent response to the USPS's request for information regarding dates of the alleged discrimination.  Schroder's silence in response to the USPS's letter outlining the scope of its proposed investigation is convincing evidence she did not intend to pursue the alleged acts of gender-based discrimination contained in her amended judicial complaint (both of which allegedly occurred well prior to the filing of her charge).

One purpose for requiring a Title VII claimant to exhaust administrative remedies is to provide the agency with information it needs to investigate and resolve a dispute between a claimant and his employer.  Khader, 1 F.3d at 971. When, as here, claimant fails to provide the agency with information sufficient to evaluate the merits of subsequent judicial claims, the claimant cannot be deemed to have exhausted administrative remedies.  Id.  Accordingly, we conclude the district court properly dismissed Schroder's Title VII claims.

We conclude the district court also properly dismissed with prejudice Schroder's state law retaliation claim.  As the court correctly noted, "[t]he exclusive remedy for discrimination claims by federal employees is Title VII." Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987);  see also  Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997) (same);  Briones v. Runyon, 101 F.3d 287,

289 (2d Cir. 1996) (same).

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge