Sharon MCDONALD, Plaintiff,

v.

CORRECTIONS CORPORATION
OF AMERICA, Defendant.

No. CIV 01–0447 BRB/KBM.

United States District Court,
D. New Mexico.

Jan. 10, 2002.

**1276**

Gilbert J. Vigil, Albuquerque, NM, for Sharon McDonald.

Tila F. Hoffman, Tila Fleming Hoffman, PC, Albuquerque, NM, for Corrections Corporation of America.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

BALDOCK, Circuit Judge.

Plaintiff Sharon McDonald worked as Records Manager for Defendant Corrections Corporation of America at the Torrance County Detention Center Facility in Estancia, New Mexico. After Defendant terminated Plaintiff's employment, Plaintiff filed a six-count complaint alleging (1) gender and race discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); (4) breach of an employment contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) wrongful termination. Defendant filed a motion to dismiss the complaint, excepting Count III, which the Court now grants in part, and denies in part.

### I. Count I

#### A. Gender Discrimination

Defendant moves to dismiss Plaintiff's gender discrimination claim in Count I for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit. *See McDonnell Douglas*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997). Because Defendant challenges this Court's jurisdiction, the Court will treat the motion as a motion to dismiss under Fed.R.Civ.P. 12(b)(1). A party challenging jurisdiction in a 12(b)(1) motion may make either a facial attack on the complaint's allegations, or may go beyond the complaint's allegations and challenge the facts upon which jurisdiction is based. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001). Defendant challenges the facts upon which jurisdiction is based, and offers documentary evidence in support of its motion. In reviewing this type of jurisdictional challenge, a court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (internal quotation and citation omitted).

Prior to filing a Title VII suit in federal court, a plaintiff must first exhaust her administrative remedies. *See Seymore*, 111 F.3d at 799. To meet the exhaustion requirement, Plaintiff must show either (1) that she received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) based on a timely-filed charge of gender discrimination, or (2) that her gender discrimination claim comes within an exception to the exhaustion requirement.

#### 1. Filing a Charge with the EEOC

■ Pursuant to 42 U.S.C. § 2000e–5(b), "[c]harges shall be in writing under

oath or affirmation and shall contain such information and be in such form as the Commission requires." The EEOC's regulations also require that a charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. The term "verified" is defined in the regulations as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements [sic], or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3.

Here, Plaintiff's charge of discrimination, attached as an exhibit to Defendant's motion to dismiss, is the only document the parties have provided that meets the statutory requirements. The charge is the only document Plaintiff filed with the EEOC that she signed under penalty of perjury.[1] Plaintiff's charge of discrimination does not include a gender discrimination claim. Plaintiff's charge is set forth

on an EEOC form which contains boxes for the charging party to check as the basis for her EEOC charge. Following the row of boxes is space for the party to describe the factual allegations of her charge. The form has boxes for race, color, sex, national origin, age, retaliation, and disability. Plaintiff checked the boxes for national origin, age, and retaliation, but did not mark the box labeled "sex."

Although Plaintiff did not mark the box for gender discrimination in her charge, this omission "is not dispositive, [but] it certainly creates a presumption that she was not asserting claims represented by boxes not checked." *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir.1998) (internal citations omitted). As in *Gunnell*, the text of Plaintiff's claim does not rebut this presumption.[2] *See id.* Plaintiff's charge clearly states that Defendant discriminated against Plaintiff on the basis of her age (45), as well as on the

---

1. Plaintiff attached to her complaint an EEOC right to sue letter dated January 23, 2001. Compl. Ex. 1. The letter does not specify the claims Plaintiff filed with the EEOC. In response to Defendant's motion to dismiss, Plaintiff offers an EEOC intake form (Pl.'s Ex. 1) and a statement of harm (Pl.'s Ex. 2) she filed with the EEOC which both include gender discrimination allegations. Plaintiff apparently did not sign the intake form. Plaintiff attaches only the first two pages of her statement of harm. Because Plaintiff has not attached the signature page of this document, this Court is unable to determine whether Plaintiff signed the statement of harm under oath or penalty of perjury. Plaintiff has not provided any evidence that she verified either the intake form or statement of harm, or that she amended the verified charge to include a gender discrimination claim. *See* 29 C.F.R. § 1601.12(b) (allowing amendment to a charge "to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."); *Peterson v. City of Wichita, Kan.*, 888 F.2d 1307, 1308–09 (10th Cir.1989) (holding that "an unverified charge is a timely filing if

it is subsequently amended by a charge executed under oath or affirmation.").

2. Plaintiff alleges in her charge of discrimination:

I have been harassed, disciplined and discharged.
I believe I have been discriminated against, as generally described above, because of my age, 45, in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of my national origin, Anglo, in violation of Title VII of the Civil Rights Act of 1964, as amended. I have also been retaliated against for complaining internally about the harassment, for the following specific reasons:
I was harassed by the Program Manager's actions and comments, which showed a bias against my age and national origin. In 2/99 I filed an internal complaint regarding the Program Manager's harassment.
Within 30 days of my filing the internal complaint, I was reprimanded five (5) times by the Program Manager and the Assistant Warden, and I was discharged, all in retaliation for filing the complaint.

basis of her national origin (Anglo). Plaintiff further alleges retaliation by specifically identifying in her charge the date of her initial complaint, and that she was subsequently reprimanded and discharged in retaliation for lodging the complaint. Plaintiff does not, however, allege any facts supporting a gender discrimination claim. Plaintiff does not even identify her gender in her factual allegations.

 The official charge is "the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC." *Welsh v. City of Shawnee*, 182 F.3d 934, 1999 WL 345597, at *5 (10th Cir. June 1, 1999) (unpublished). Despite this general rule, a court may consider other charges "outside the body of the charge" where (1) "it is clear that the charging party intended the agency to investigate the allegations," or (2) "the EEOC negligently handled the claim." *Smith v. Board of County Comm'rs*, 96 F.Supp.2d. 1177, 1186 (D.Kan.2000) (internal quotations and citations omitted) (citing *Welsh*, 1999 WL 345597, at *5).

Here, Plaintiff has not clearly shown that she intended the EEOC to investigate her gender discrimination claim. As noted above, while Plaintiff initially indicated on her intake form and in her statement of harm that she was alleging gender discrimination, her official charge contained no hint of gender discrimination allegations. The intake form and statement of harm show only that at some point, Plaintiff intended to charge gender discrimination. *See Welsh*, 1999 WL 345597, at *5 (noting that while plaintiff's information

sheet indicates that at some point she intended the EEOC to investigate harassment allegations, "her subsequent filing, under oath, of the charge ... effectively negated the information sheet"). Plaintiff has never explained why, after she filed the information sheet and statement of harm containing the gender discrimination charges, she then filed the charge containing only allegations of age and national origin discrimination and retaliation. *See id.* at *6 (finding plaintiff's failure to explain variance between intake form and charge "most telling"). Plaintiff does not contend that the gender discrimination claim was omitted through the EEOC's error or negligence. Accordingly, Plaintiff has failed to meet the exhaustion requirement for this claim.

### 2. Exception to the Exhaustion Requirement

 The Tenth Circuit has adopted a limited exception to the exhaustion rule for Title VII claims when the unexhausted claim is for discrimination "like or reasonably related to" the allegations in a timely-filed EEOC charge for which Plaintiff received a right-to-sue letter. *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir.1999). A court may consider claims not expressly included in Plaintiff's EEOC charge where the alleged conduct would "fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1416 n. 7 (10th Cir.1993).[3]

---

**3.** The Tenth Circuit declined to decide whether the *Simms* and *Martin* formulations were part of the same test, or two separate inquiries. *See Welsh, 1999 WL 345597*, at *3 n. 3 ("We need not decide at this point whether the scope of a reasonable EEOC investigation is a separate exception from the exhaustion rule or simply a part of the process for determining what allegations are reasonably related to claims stated in the charge.").

■ Plaintiff's gender discrimination claim, however, is not reasonably related to her national origin or age discrimination or retaliation claims. First, a gender discrimination claim is distinct from claims of age or national origin discrimination or retaliation. *Compare Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 503 (7th Cir.1994) (sexual harassment cannot be reasonably inferred from allegations of gender discrimination); *Schroder v. Runyon,* 1 F.Supp.2d. 1272, 1275 (D.Kan.1998) (disability discrimination is "fundamentally different" from gender discrimination); *Williams v. Kansas Gas and Elec. Co.,* 805 F.Supp. 890, 900 (D.Kan. 1992) (gender discrimination is not reasonably related to race discrimination), *with Lazuran v. Kemp,* 142 F.R.D. 466, 469 (W.D.Wash.1991) (claim of race discrimination is related to and merely a "refinement" of a national origin discrimination claim).

Moreover, if the unexhausted discriminatory act occurs prior to the EEOC filing, and plaintiff fails to allege the act or claim in the charge, the act or claim ordinarily will not reasonably relate to the charge. *See Seymore,* 111 F.3d at 799 (retaliation occurring prior to EEOC charge not reasonably related to exhausted claims).[4] Plaintiff was aware of the facts supporting her gender discrimination claim before she signed her verified charge, yet she failed to check the gender discrimination box on the EEOC charge form, and she made no reference to gender discrimination in the body of the charge. As Plaintiff's own proof suggests, she completed the intake form and filed her statement of harm, both of which included gender discrimination allegations, over a week before she signed her verified charge. Plaintiff was fully aware of all the facts constituting her gender discrimination claim at the time she filed her charge, yet Plaintiff did not include these allegations in her charge. As a result, Plaintiff's unexhausted gender discrimination claim is not "reasonably related" to her exhausted claims.

Plaintiff contends that she exhausted her administrative remedies because the EEOC actually investigated her gender discrimination claim. As the party asserting jurisdiction, Plaintiff "bears the burden of asserting the facts essential to show jurisdiction and supporting those facts with competent proof. Mere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir.1999).

The evidence before this Court does not indicate the EEOC actually investigated gender discrimination. Plaintiff's unverified allegation is insufficient. Plaintiff offers no affidavit or other documentary evidence tending to prove the EEOC actually investigated her gender discrimination claim. *See New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1499 (10th Cir.1995). Where a Rule 12(b)(1) motion challenges a complaint's jurisdictional allegations by relying on affidavits or other evidence, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of estab-

---

4. *See also Welsh,* 1999 WL 345597, at *3 (sex harassment claim not reasonably related to gender discrimination charge because all acts of alleged harassment occurred before charge filed); *Schroder v. Runyon,* 161 F.3d 18, 1998 WL 694518, at *2 (10th Cir. Oct.6, 1998) (unpublished) (gender discrimination occurring prior to filing of charge did not reasonably relate to disability claim in charge); *Aleman v. Sharp,* 156 F.3d 1243, 1998 WL 480154, at *3–4 (10th Cir. Aug.7, 1998) (unpublished) (disability claim not reasonably related where plaintiff was aware of facts supporting disability claim prior to filing charge of gender and pregnancy discrimination).

lishing that the court, in fact, possesses subject matter jurisdiction." *Id.* Plaintiff has failed to establish jurisdiction.

For the reasons stated above, this Court dismisses Plaintiff's gender discrimination claim in Count I for lack of jurisdiction. The Court, however, grants Plaintiff leave to file a motion to reconsider if Plaintiff can produce competent evidentiary proof that the EEOC actually investigated her gender discrimination claim. Any motion to reconsider must also cite relevant law that the EEOC investigation exhausts Plaintiff's administrative remedies. Plaintiff must file the motion to reconsider no later than 5:00 p.m., January 22, 2002.

### B. Reverse Racial Discrimination

■ Defendant also moves to dismiss Plaintiff's claims for race discrimination in Count I. Defendant asserts that Plaintiff, self-identified in her complaint as a white female, has not plead a prima facie case of reverse discrimination. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quotation omitted). "All well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.*

Title VII of the Civil Rights Act of 1964 makes unlawful an employer's failure or refusal "to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C. § 2000e–2(a)(1). Title VII prohibits discrimination against whites as well as minorities. *See McGarry v. Board of County Comm'rs,* 175 F.3d 1193, 1199 (10th Cir.1999). Because Plaintiff is white, she is a member of an historically favored group. Thus, she must establish the elements of a prima facie case of reverse race discrimination. *See Rhoads v. Wal–Mart Stores, Inc.,* 83 F.3d 433, 1996 WL 194854, at *1 (10th Cir.1996) (unpublished). A plaintiff may proceed on a reverse discrimination claim by two methods. *See id.* First, a plaintiff may recover if she can demonstrate she is the victim of reverse discrimination by "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiffs status the challenged employment decision would have favored the plaintiff." *Notari v. Denver Water Dep't,* 971 F.2d 585, 590 (10th Cir.1992). Alternatively, a plaintiff may rely on the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting analysis to test whether she is entitled to a presumption of discrimination. Here, Plaintiff admits that she has not plead direct or indirect evidence to support a reasonable probability that her status as a white person was the but for cause of Defendant's employment decisions.[5] Plaintiff contends, however, that she may proceed under the *McDonnell Douglas* burden shifting analysis.

■ A plaintiff relying on *McDonnell Douglas* bears the initial burden of establishing a prima facie case of wrongful termination by showing that: "(1) she belongs to a protected class; (2) she was qualified

5. Plaintiff states, "Defendant objects that Plaintiff has not pled the *Notari* style "reverse discrimination" case. *This may be true,* but Plaintiff is still entitled to assert a *McDonnell Douglas* case, which includes racial discrimination." Pl.'s Resp. to Def.'s Mot. to Dismiss at 2 (emphasis added).

for her job; (3) despite her qualifications, she was discharged; and (4) the job was not eliminated after her discharge." *See Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir.1999). In a reverse discrimination case, however, a non-minority plaintiff "does not necessarily deserve the presumption of discrimination afforded to a member of an ostensibly disfavored minority class." *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir.1995). Thus, in a reverse discrimination case, instead of showing she belongs to a protected class, Plaintiff must "establish background circumstances that support an inference that the defendant is one of these unusual employers who discriminates against the majority." *Notari v. Denver Water Dep't*, 971 F.2d 585, 589–590 (10th Cir.1992).

Accepting Plaintiff's factual allegations as true, Plaintiff failed to plead facts supporting the inference that Defendant is the "unusual employer who discriminates against the majority." Plaintiff alleged that she is Anglo, her supervisor was Hispanic, that she performed her work well, that her Hispanic supervisor harassed her, that another supervisor (race unknown) ratified this behavior, and that Defendant had no legitimate nondiscriminatory reason for firing Plaintiff. These allegations are insufficient. Plaintiff does not allege that all individuals in the decision-making chain were minorities. *Cf. Reynolds*, 69 F.3d at 1534–35 (plaintiff was the only white employee in an otherwise all Hispanic Bilingual/ESOL department, and Hispanic supervisors made most of the employment decisions). Nor does she allege that employees who received more favorable treatment were non-whites. *Cf. Daye v. Harris*, 655 F.2d 258, 261 (D.C.Cir.1981) (minority nurses over-represented among promotees). In short, Plaintiff fails to allege any background circumstances indicating Defendant is the type of employer who discriminates against whites. *Cf.*

*Bishopp v. District of Columbia*, 788 F.2d 781, 786–87 (D.C.Cir.1986) (among other factors, minority supervisors and proposed affirmative action plan); *Lanphear v. Prokop*, 703 F.2d 1311, 1315 (D.C.Cir.1983) (pressure on hiring authority to hire minorities and proposed affirmative action plan). Consequently, Plaintiff failed to state a prima facie case of reverse race discrimination. Plaintiff's race discrimination claim in Count I is dismissed.

## II. Count II—Retaliation

▮ Defendant moves to dismiss Plaintiff's retaliation claim in Count II. Defendant asserts that because Plaintiff's retaliation claim is based on gender discrimination, and Plaintiff failed to allege gender discrimination in her EEOC Charge (*see* § I.A. *supra*), then her retaliation claim also must be dismissed. Additionally, Defendant argues that because Plaintiff failed to state a prima facie case for reverse race discrimination, Plaintiff's retaliation claim based on race discrimination also must be dismissed.

Plaintiff clearly marked the retaliation box and alleged retaliation in her factual allegations in her EEOC charge, thus Defendant's argument that Plaintiff failed to exhaust her administrative remedies is inapplicable to Plaintiff's retaliation claim. *See* 42 U.S.C. § 2000e–5(b); *Seymore*, 111 F.3d at 799. Further, "a plaintiff does not have to prove the validity of the grievance she was allegedly punished for lodging; 'opposition activity is protected when it is based on a mistaken good faith belief that Title VII has been violated.'" *Robbins v. Jefferson County Sch. Dist. R–1*, 186 F.3d 1253, 1258 (10th Cir.1999) (quoting *Love v. Re/Max of Am., Inc.*, 738 F.2d 383, 385 (10th Cir.1984)). Therefore, Plaintiff's retaliation claim is not dependent upon the viability of her gender and race discrimination charges. Plaintiff alleged retaliation

**1282**

and facts in support of her retaliation claim in her Complaint. Compl. ¶¶ 19,[6] 26–28. Defendant's motion to dismiss count II is denied.

### III. Count IV—Breach of Contract & Count V—Good Faith and Fair Dealing

Defendant asserts that Plaintiff's breach of contract claim fails to state a claim for which relief can be granted because Plaintiff did not have an employment contract with Defendant, and New Mexico is an employment-at-will state. Additionally, Defendant argues that because no employment contract existed, Defendant could not have breached an implied covenant of good faith and fair dealing.

Plaintiff alleges in her complaint that "Plaintiff's employment was governed by an express and implied contract of employment." Although Defendant contests this statement, whether an express or implied employment contract existed between the parties is a question of fact, which is appropriately dealt with on summary judgment or at trial, not in a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Sutton,* 173 F.3d at 1236. Accepting Plaintiff's allegations as true, Plaintiff has alleged breach of an express or implied employment contract, and therefore has stated a claim upon which relief may be granted in count IV. Additionally, because Plaintiff has sufficiently plead a breach of contract claim, she also has sufficiently plead a breach of an implied covenant of good faith and fair dealing arising out of the alleged employment contract. Defendant's motion to dismiss counts IV and V for failure to

state a claim for which relief can be granted is therefore denied.

### IV. Count VI—Wrongful Termination

New Mexico has recognized a cause of action in tort for an employee wrongfully discharged in violation of clear public policy. *Silva v. Albuquerque Assembly & Distrib. Warehouse Corp.,* 106 N.M. 19, 738 P.2d 513, 515 (1987). This cause of action, known as retaliatory discharge, arises only in the context of at-will employment. *Id.* If an employment contract existed between the parties, Plaintiff cannot recover in tort. *See id.*[7]

To establish a retaliatory discharge cause of action, Plaintiff must demonstrate that she was discharged either because she performed an act that public policy has authorized or would encourage, or because she refused to so something required of her by her employer that public policy would condemn. *Id.* Plaintiff asserts the public policy at issue is Title VII. This Court, however, has repeatedly refused to recognize a claim for retaliatory discharge where other remedies are available to vindicate the alleged public policy violation. *See Parker v. John Q. Hammons Hotels,* 914 F.Supp. 467, 472 (D.N.M.1994) ("Where a remedy other than [the wrongful discharge] tort is available to Plaintiff to redress the discharge, the policy which underlies New Mexico's recognition of the tort, that of softening the terminable at will rule, does not favor recognizing a cause of action.") (quoting *Salazar v. Furr's, Inc.,* 629 F.Supp. 1403, 1408 (D.N.M.1986)); *see also Jeffers v. Butler,* 762 F.Supp. 308, 310 (D.N.M.1990); *Maxwell v. Ross Hyden Motors, Inc.,* 104

---

**6.** Plaintiff mistakenly labeled two paragraphs in her Complaint as "19." The Court refers here to the first paragraph 19 beginning on page 4 of Plaintiff's Complaint.

**7.** Hence, if Plaintiff successfully establishes the existence of an employment contract between the parties (*see* discussion *supra* regarding counts IV and V), she could not also recover on her tort theory in count VI.

N.M. 470, 722 P.2d 1192, 1196 (App.1986). Specifically, we have refused to recognize an employer's alleged Title VII violation as a basis for this tort. *See* Parker, 914 F.Supp. at 472; *Salazar*, 629 F.Supp. at 1408. Plaintiff admits her Count VI retaliatory discharge claim is indistinguishable from her Title VII retaliation claim in Count II. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 4. The alleged public policy violation must be vindicated under the terms of the federal statute. Count VI is therefore dismissed.

### V.

In sum, Plaintiff's gender discrimination claim in Count I is dismissed for failure to exhaust administrative remedies. The Court grants Plaintiff leave to file a motion to reconsider with respect to Count I as discussed above, to be filed no later than 5:00 p.m., January 22, 2002. Plaintiff's race discrimination claim in Count I is dismissed for failure to plead a prima facie case. Plaintiff's wrongful termination claim in Count VI is dismissed for failure to state a claim upon which relief may be granted. Defendant's motion to dismiss Counts II, IV, and V is denied.

Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.