**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DORI ATKINS,

      Plaintiff-Appellant,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY, sued as
Southwestern Bell Telephone,

      Defendant-Appellee.

No. 04-5018
(D.C. No. CV-02-579-EA (J))
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\** The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Plaintiff Dori Atkins sued her employer, Southwestern Bell Telephone Company, for employment discrimination and retaliation. The district court granted summary judgment to Southwestern Bell on all claims, and Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and remand in part for the district court to dismiss Plaintiff's retaliation claim for lack of jurisdiction.

I

At all pertinent times Plaintiff worked in Southwestern Bell's coin telephone department, where her job duties included servicing pay telephones. On December 11, 1998, Plaintiff reported to her supervisor, Laura Cooper, that Plaintiff's co-worker, Lawrence Harris, had criticized Plaintiff's job performance and had been acting inappropriately toward her. When Cooper asked Plaintiff what she meant, Plaintiff replied, "If I tell you what he said, you would hit the floor." Aplt. App. I at 116 (internal quotation marks omitted). Cooper interpreted Plaintiff's comment as a complaint of sexual harassment.

Cooper promptly paged Harris in the field and directed him to meet with her. She told him that Plaintiff had complained about his conduct, and that if he had been making inappropriate comments to Plaintiff, he had to stop. Harris denied acting inappropriately. Cooper reminded Harris of Southwestern Bell's antiharassment policy and warned him that violations would not be tolerated.

Cooper later told Plaintiff that she had spoken to Harris. At some point Cooper also told Plaintiff to let her know if Plaintiff had any problems with her male co-workers.

Southwestern Bell was not informed of any further harassment before May 18, 2001, when Plaintiff complained to her union about an incident in which a co-worker took her assigned collection route. At that time she also alleged that Harris had continued to harass her, despite her having informed Cooper. Union representatives met with Cooper and Harris in informal attempts to resolve Plaintiff's complaints.

On June 5, 2001, Plaintiff called the Southwestern Bell ethics helpline to complain that Harris was sexually harassing her and that Cooper was retaliating against her for complaining about Harris. Southwestern Bell initiated an investigation. The investigator concluded that many of Plaintiff's allegations could not be confirmed, but that Harris had made at least one sexually charged remark to Plaintiff in 2001 and had used profanity in the workplace. Harris was issued a performance notice (the first step in Southwestern Bell's formal disciplinary process) and relieved of certain responsibilities.

About this time Plaintiff also filed an intake questionnaire and affidavit with the Equal Employment Opportunity Commission (EEOC). On March 25, 2002, she filed a formal EEOC charge alleging sexual harassment. She then filed

suit under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e through 2000e-17, alleging that she was subjected to a hostile work environment and retaliation. The district court held that Southwestern Bell had responded adequately to Plaintiff's complaints of sexual harassment. It further determined that Plaintiff had not exhausted her administrative remedies with regard to her retaliation claim, and that, in the alternative, Plaintiff had not established that the alleged retaliation constituted an adverse employment action. It granted summary judgment to Southwestern Bell, and Plaintiff appeals.

II

We review the district court's grant of summary judgment de novo, viewing the factual record in the light most favorable to the non-moving party. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998). "On appeal of the grant of a motion for summary judgment, we affirm unless the appellant points to evidence in the record establishing a genuine issue of material fact." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1185 (10th Cir. 2002).

### *Sexual Harassment*

Plaintiff first argues that the district court erred in determining as a matter of law that Southwestern Bell responded adequately to her December 11, 1998, complaint to Cooper.

We have held that "[a]n employer is not strictly liable for all harassment of which it actually or constructively knew; it may discharge its obligation by taking appropriate remedial or preventive action." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 676 (10th Cir. 1998). The applicable test is whether the employer's response is "reasonably calculated to end the harassment." *Id.* (internal quotation marks omitted). "A stoppage of harassment shows effectiveness, which in turn evidences such reasonable calculation." *Id.* If the harassment does not stop, however, we "consider the timeliness of the plaintiff's complaint, whether the employer unduly delayed, and whether the response was proportional to the seriousness and frequency of the harassment." *Id.* "[A]n employer is not liable, although a perpetrator persists, so long as each response was reasonable." *Id.*

Plaintiff concedes that Harris moderated the objectionable behavior for a few months after Cooper spoke to him on December 11, 1998. But Plaintiff alleges that Harris then resumed his objectionable conduct, and that at various times in 1999, 2000, and early 2001 Harris made remarks and took actions she considered harassing. She contends that Harris's resumed harassment shows that there is a genuine issue whether Southwestern Bell's 1998 response actually was reasonable, and she argues that the company should have taken in 1998 the steps that it took in response to her June 5, 2001, complaint.

Under the circumstances, Southwestern Bell responded reasonably to Plaintiff's December 11, 1998, complaint.  Cooper promptly called Harris in from the field and spoke with him about Plaintiff's complaint.  When Harris denied acting inappropriately, she counseled him about Southwestern Bell's antiharassment policy and instructed him to follow it.  She was satisfied that Harris accepted her instruction.  She also told Plaintiff to let her know if Plaintiff had any problems with male co-workers.  It is notable that this was the first time that Harris had been accused of sexual harassment, so that Southwestern Bell had no baseline to determine that the December 1998 oral counseling would not deter objectionable behavior.    *See Adler* , 144 F.3d at 677.

Moreover, Plaintiff concedes that she did not make any further complaint about Harris, either to Southwestern Bell or to her union, until May and June 2001, more than two years later.  She knew that Southwestern Bell had an antiharassment policy, and she knew that she could report Harris's conduct to Cooper, upper management, or the Human Resource Department, or call the ethics hotline.  In light of Plaintiff's silence from December 1998 to mid-2001, Southwestern Bell had no way to determine that Plaintiff felt she was still being harassed and that stronger measures might be required.  And when Plaintiff finally broke her silence, Southwestern Bell investigated and applied such

measures.  We find no reason to reverse the district court's grant of summary judgment on Plaintiff's harassment claim.

### *Retaliation*

Plaintiff also argues that the district court erred in granting summary judgment on her retaliation claim on the ground that Plaintiff did not exhaust her administrative remedies.  She contends that her Intake Questionnaire and associated affidavit, which mentioned Cooper's harshness to her, adequately took the place of a formal EEOC charge for the purpose of exhaustion of administrative remedies.

This court has determined that exhaustion of administrative remedies is a "jurisdictional prerequisite" to filing suit under Title VII.  *Jones v. Runyon*, 91 F.3d 1398, 1399 & n.1 (10th Cir. 1996) (internal quotation marks omitted).  Consequently, if Plaintiff has not exhausted her administrative remedies, neither the district court nor this court has jurisdiction to entertain her retaliation claim.

Even assuming for purposes of this appeal that Plaintiff's intake questionnaire and sworn supporting affidavit could be deemed the equivalent of a formal charge, we do not believe that Plaintiff adequately exhausted her remedies with regard to her retaliation claim.  Plaintiff's formal charge, filed approximately ten months after she submitted her intake questionnaire, did not include any indication that she wished to pursue a retaliation claim or describe any facts that

would support such a claim. The omission of any such material in the later-filed formal charge indicates that Plaintiff had abandoned this claim. *See McDonald v. Corr. Corp. of Am.*, 181 F. Supp. 2d 1274, 1277-78 (D. N.M. 2002); *Smith v. Bd. of County Comm'rs*, 96 F. Supp. 2d 1177, 1186-87 (D. Kan. 2000); *see also Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) (holding that plaintiff would not be allowed to supplement her charge with the allegations in her intake questionnaire, as "it is the charge rather than the questionnaire that matters" and she could have included the allegations in the charge). "Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation." *Novitsky*, 196 F.3d at 702; *see also* 29 C.F.R. § 1601.14(a) (providing for service of the charge upon the respondent). Abandonment of a claim before the EEOC is a failure to exhaust administrative remedies. *See Jones*, 91 F.3d at 1401. The district court appropriately held that Plaintiff had not exhausted her administrative remedies.

Nevertheless, having made this determination, the district court should have dismissed this claim for lack of jurisdiction rather than granting summary judgment to Southwestern Bell. *Cf. Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (holding that the district court correctly dismissed, under Fed. R. Civ. P. 12(b)(1), claim that was not administratively exhausted before Bureau of Indian Affairs). Consequently, we must remand the

matter to the district court so that it may vacate its grant of summary judgment in favor of Southwestern Bell on Plaintiff's retaliation claim and dismiss the claim for lack of jurisdiction.

III

The summary judgment on Plaintiff's harassment claim is AFFIRMED. The summary judgment on Plaintiff's retaliation claim is REMANDED so that the district court can vacate its judgment in favor of Southwestern Bell and dismiss the claim for lack of jurisdiction.

Entered for the Court

Harris L Hartz
Circuit Judge